**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

GATE GUARD SERVICES, L.P. and )
BERT STEINDORF, )
)
    Plaintiffs, )
)   CIVIL ACTION FILE
    v. )   NO. 6:10-cv-91
)
HILDA L. SOLIS, SECRETARY OF LABOR, )   JURY
UNITED STATES DEPARTMENT OF LABOR, )
)
    Defendant. )

## PLAINTIFFS' RESPONSE TO SECRETARY'S MOTION TO ABATE OR STAY DISCOVERY AND RE-URGING THE SECRETARY'S MOTION TO DISMISS

COME NOW Plaintiffs, Gate Guard Services, L.P. ("GGS") and Bert Steindorf ("Mr. Steindorf") (collectively, "Plaintiffs"), and file their Response to Secretary's ("DOL") Motion to Abate or Stay Discovery ("Motion to Abate"), showing the Court as follows:

## I.     INTRODUCTION

While a pending motion to dismiss may generally weigh in favor of staying any subsequently served discovery, such a stay makes no sense here because **the Secretary has already completed or agreed to participate in discovery identical from that which it seeks protection**. In this regard, identical discovery is ongoing in the companion Enforcement Action and will continue, regardless of whether the Court enters a stay here. That the Secretary has gone to the trouble of seeking protection from discovery to which she has already responded in the Enforcement Action defies common sense and underscores the sham nature of her Motion. Focusing solely on form at the exclusion of substance, the Motion ignores that the requested stay

will have no practical consequences whatsoever for the Secretary. This Court should not entertain such an empty request for relief.

## II.     RELEVANT FACTS AND PROCEDURAL HISTORY[1]

On March 7, 2011 [Dkt. #11.], the parties held a Scheduling Conference in this matter. While the Secretary made clear that she intended to file a Motion to Dismiss this action, the Secretary made no mention of staying or abating discovery. Also on March 7, 2011, the Court entered a Scheduling Order specifying that discovery in this action would conclude on September 16, 2011 [Dkt. # 12.], and discovery commenced thereafter. On March 31, 2011, the Secretary filed a Motion to Dismiss,[2] contending that this Court lacks subject matter jurisdiction over Plaintiffs' claims and that Plaintiffs' claims are not ripe for adjudication. [Dkt. #21.] Again, the Secretary made no indication that she wished to stay discovery when filing her Motion to Dismiss. Plaintiffs timely opposed that Motion on April 1, 2011 [Dkt. # 22].

On April 6, 2011, GGS served the same First Interrogatories and Requests for Production (collectively, GGS's "First Discovery") on the Secretary in both this Action and in the Enforcement Action. [*See* Dkt. #27-1.] On May 6, 2011, a full month after GGS's first discovery was served and a mere three days before the Secretary's responses to the First Discovery were

---

[1] On November 19, 2010, GGS was forced to file this declaratory judgment action against the Secretary (the "Declaratory Judgment Action") due to her erroneous determination that GGS violated the FLSA and demand that GGS pay over six million dollars in back wages.     [Dkt. # 14 ¶ 35-39.][1] In its Complaint, GGS seeks declaratory relief arising from the Secretary's flawed classification of the Contractors as employees, its improper calculation totaling over six million dollars in back wages, and its allegation that GGS has not complied with recordkeeping requirements.  [*Id.* ¶¶ 49-109.] Inexplicably, almost three months after GGS filed this action, on February 16, 2011, the Secretary initiated <u>nearly identical</u> litigation against GGS, Mr. Steindorf, and Sidney L. Smith, a manager, in the Corpus Christi Division of this District ("the Enforcement Action")[1].  [Civil Action No. 6:11-cv-14, Dkt. #1-2.]     In the Enforcement Action, the Secretary alleges the exact same claims that are the basis of this lawsuit, including: (1) that Plaintiffs owe back wages, including unpaid overtime, and (2) that Plaintiffs have violated the record-keeping requirements of the FLSA.  [*Id.*, pp. 3-4.]  The Enforcement Action was transferred from the Corpus Christi Division to this Court on March 22, 2011 as a result of Judge Jack's granting of Plaintiffs' Motion to Transfer.  [Civil Action No. 6:11-cv-14, Dkt. #18.]

[2] The Court denied the Secretary's Motion to Dismiss filed on March 25 2011 because Plaintiffs' Amended Complaint caused the DOL's Motion to Dismiss to become moot. [Dkt. #18.]  The DOL subsequently filed a Motion to Dismiss Amended Declaratory Judgment Complaint on March 31, 2011.  [Dkt. #21.]

due in this action, she filed her Motion to Abate. [Dkt. #27.] On May 16, 2011, notwithstanding her protests that her pending Motion to Dismiss and the pending Motion to Stay purportedly preclude GGS from being "entitled to discovery" [Dkt. # 27, p. 3.], the Secretary untimely served her purported responses to GGS's First Discovery in the Declaratory Judgment Action.[3] In those responses, however, the Secretary objected to each and every interrogatory and request for production.[4] The parties are now scheduled to begin depositions on June 7, 2011. [*See* Dkt. #27-1.]

This course of events underscores the immaterial nature of the Secretary's requested stay. While the Secretary had plans to file the Motion to Dismiss as early as March 7, 2011, she failed to request a discovery stay until nearly two months later, which happened to be mere days before her discovery responses were due. Moreover, while the Secretary had already completed discovery responses and objections in the Enforcement Action, rather than simply emulating those responses, the Secretary endeavored to prepare completely different responses objecting to each and every one of GGS's discovery requests. That the Secretary spent the time and resources to prepare these objections – notwithstanding the pending Motion to Dismiss allegedly pausing discovery and notwithstanding that the Secretary had prepared discovery responses in the Enforcement Action – contradicts the purported necessity of the requested stay. The Motion to Abate should be denied.

---

[3] Because the Secretary served her responses to GGS's First Discovery in the Declaratory Judgment Action seven (7) days past the required due date, she thus waived any objections to GGS's First Discovery under Fed. R. Civ. P. 33 and 34.

[4] The Secretary's Objections and Responses to Gate Guard Services, L.P.'s First Continuing Interrogatories in the Declaratory Judgment Action are attached hereto as Exhibit A. The Secretary's Objections and Responses to Gate Guard Services, L.P.'s First Request for Production of Documents in the Declaratory Judgment Action are attached hereto as Exhibit B.

## III.   ARGUMENT

### A.   Legal Standard on a Motion to Stay Discovery

Pursuant to its inherent authority in all discovery matters, a District Court may issue a stay of proceedings upon a showing of "good cause." *Am. Registry of Radiologic Technologists v. Bennett*, Civil Action No. SA-09-CV-767-XR, 2010 WL 596340, at *1  (W.D. Tex. Feb. 16, 2010)  (quoting Fed. R. Civ. P. 26(c)(1)). "Good cause may exist when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay." *Id.* (quoting Fed. R. Civ. P. 26(c)). Significantly, " '[t]he burden is upon the movant to show the necessity of [a stay of discovery], which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.' " *Id.* (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978)).

Here, the Secretary's Motion to Abate or Stay must be denied because Secretary has failed to carry her burden of demonstrating **any** good cause for granting the empty request for relief.  As explained fully below, the Secretary will suffer no prejudice if discovery proceeds in this action, and  the discovery stay sought is ultimately inconsequential. Plaintiffs, conversely, can point to specific prejudice that they will suffer should the Secretary persist in her refusal to respond to discovery in this Action.

### B.   The Secretary Will Not Be Prejudiced If Discovery Proceeds Here Because the Same Discovery Is Already Ongoing

The Secretary's assertion that she will be prejudiced if discovery proceeds in this action is completely unjustified because discovery is ongoing in the parallel Enforcement Action.  Indeed, the Secretary has already responded to **identical** written discovery[5] served in the Enforcement

---

[5] The Secretary's Objections and Responses to Gate Guard Services, L.P.'s First Continuing Interrogatories in the Enforcement Action are attached hereto as Exhibit C. The Secretary's Objections and Responses to Gate Guard Services, L.P.'s First Request for Production of Documents in the Enforcement Action are attached hereto as Exhibit D.

Action.  While the Secretary is correct that it makes sense for the Court to exercise its discretion to stay discovery pending a motion to dismiss in an ordinary case, such a stay makes no sense because this is not an ordinary case. Thus, there is absolutely no prejudice.

By contrast, Plaintiffs will experience prejudice if the Secretary is granted the discovery stay requested for several reasons. First, the March 7, 2011 Scheduling Order [Dkt. # 12.] entered in **this action** anticipates that discovery is ripe and specifies that discovery will end on September 16, 2011.  The Secretary's suggestion that a stay will not prejudice Plaintiffs because "the Scheduling Order entered in the FLSA Enforcement Action will not end until December 30, 2011" [Dkt. # 27, p. 5.] is confusing and false.   As the Secretary has repeatedly argued, the Enforcement Action and instant action are currently proceeding as separate (though virtually identical) cases that have not been consolidated.[6]  Moreover, the Secretary intends to keep it that way as she has opposed Plaintiff's Motion to Consolidate the two actions.  As such, the Court has made no overture that it intends to abandon the March 7, 2011 Scheduling Order entered or the deadlines specified therein.

Plaintiffs will be prejudiced by the requested stay, moreover, because once the stay is lifted, the Secretary would be entitled to take additional discovery beyond that already served on Plaintiffs in the Enforcement Action.[7]  The Secretary could also notice the same depositions of GGS representatives which have already been scheduled in the Enforcement Action, thereby duplicating efforts.  Neither Plaintiffs nor Plaintiffs' counsel should be subjected to such a waste

---

[6] Because the Enforcement Action and the Declaratory Judgment Actions are virtually identical and to maximize efficiency, Plaintiffs filed their Motion to Consolidate these two Actions on March 31, 2011 [Dkt. # 20.] The Motion to Consolidate is still pending before the Court.

[7] While the Secretary claims that "discovery taken in the FLSA Enforcement would apply to this action," significantly, she makes no representation that she would not be entitled to and/or seek further discovery in this action. [Dkt. # 27, p. 5.] The Secretary's purported offer to have the Enforcement Action discovery "apply" to the instant Action does nothing to abate the prejudice that will result should the Secretary seek additional discovery.

of time and resources. Additionally, as a matter of strategic fairness, the Secretary should not be entitled this opportunity for a second bite at the apple.

In sum, the Secretary will suffer no prejudice should discovery proceed in this action, in tandem with the discovery currently proceeding in the Enforcement Action. To the contrary, allowing discovery to proceed here would constitute an eminently more logical course of action than the stay the Secretary seeks. Allowing discovery to proceed would avoid the inevitable prejudice that would result by forcing Plaintiffs and the Secretary to be subjected to two separate, time-consuming, and costly discovery periods on the exact same claims.

### C.     The Secretary's Motion Is Specious and Inconsequential

Besides the lack of prejudice that the Secretary will face should discovery proceed in this action, the Motion should be denied for the additional reason that it seeks an entirely mechanical stay of discovery.  That the Secretary seeks to stay discovery she has already completed or agreed to in the Enforcement Action erroneously puts form over substance, and, in doing so, wastes precious time and resources for the parties and this Court. Regardless of whether discovery is stayed in this Action, identical discovery in the Enforcement Action will proceed uninterrupted.  Because this Court is not in the business of granting such "sham" relief, it should not entertain such a superfluous and inconsequential motion.

### D.     The Secretary is Not Automatically Entitled to a Stay Because She Heads a United States Agency

While the Secretary cites a handful of cases purportedly standing for the proposition that that discovery must be stayed where the United States has asserted a lack of subject matter jurisdiction, she misapplies the holdings in these cases.  For example, *Williamson v. U.D. Dept. of Agriculture*, 815 F.2d. 368, 382 (5th Cir. 1987) in no way holds that discovery must generally be stayed where the United States has asserted a lack of subject matter jurisdiction or that the

**only** way to avoid such a stay is where that stay would deny a party the opportunity to discover facts to deny a motion for summary judgment or motion to dismiss. [*See* Dkt. # 27, pp. 3-4.] Instead, in finding that the U.S. Department of Agriculture was entitled to a stay of discovery pending its motion for summary judgment, the Fifth Circuit simply recognized that "the protection afforded government officials by the doctrines of absolute and qualified immunity would be greatly depreciated if it did not include protection from discovery." *Williamson,* 815 F.2d at 382. This case is distinct from *Williamson* for two reasons. First, as discussed in Response to the Secretary's Motion to Dismiss Amended Complaint, the Secretary does **not** have qualified immunity from this action. [Dkt. #22, pp. 11-22.] Second, the rationale that government requires "protection" from certain discovery holds significantly less force where the government **has already completed or agreed to participate in discovery identical from that which it seeks protection.**[8] Moreover, *Ingram Contractors, Inc. v. U.S.*, 592 F.2d 832, 834 (5th Cir. 1979) never even reached the issue of whether the District Court's stay of discovery was proper. *Id.* ("Because we are convinced that the district court lacked subject matter jurisdiction, it is unnecessary for us to discuss [Appellant's argument regarding] the propriety of the district court's stay of discovery pending its disposition of the jurisdictional issue.")

Thus, claiming that it is "axiomatic" that a party is not entitled discovery whenever the United States has asserted lack of subject matter jurisdiction dramatically overstates the cases the Secretary has cited. [Dkt. # 27, p. 3.] Moreover, those cases do not address the unique circumstances – i.e., identical discovery requests in two parallel pending actions – that are present here.

_____

[8] Likewise, *Freeman* affirmed the district court's stay of pre-dismissal discovery because the fact-based discovery the Appellants sought from the U.S. was readily available in the "public domain." *Freeman v. U.S.*, 556 F.3d 326, 342 (5th Cir. 2009). Thus, *Freeman* is entirely distinct from this case, which involves requests for discovery in parallel actions and discovery in which the Secretary has readily agreed to engage.

## IV.   CONCLUSION

Consistent with her insistence on pursuing two **separate, but identical,** actions in this Court, the Secretary's Motion to Abate is the latest example of her attempt to unnecessarily complicate and expand this litigation.  For all of the foregoing reasons, the Secretary's Motion to Abate or Stay Discovery should be DENIED.


This 24th day of May, 2011.

CHAMBERLAIN HRDLICKA
WHITE WILLIAMS & MARTIN


By:   */s/ Annette A. Idalski*
            Annette A. Idalski
            Texas Bar No. 00793235
            Federal I.D. No. 1130754
            Kelly E. Campanella
            Federal I.D. No. 1136062
            191 Peachtree Street, N.E.
            Thirty-Fourth Floor
            Atlanta, GA  30303-1747
            Telephone: (404) 658-5386
            Facsimile:  (404) 659-1852



By:   */s/ Daniel D. Pipitone*
            Daniel D. Pipitone
            Texas Bar No. 16024600
            Federal I.D. No. 0294
            1200 Smith Street
            14th Floor
            Houston, TX 77002-4310
            Telephone: (713) 654-9670
            Facsimile:  (713) 356-1070

*Attorneys for Plaintiffs Gate Guard Services,
L.P. and Bert Steindorf*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this date served the Defendant, as listed below, with a copy

of **PLAINTIFFS' RESPONSE TO THE SECRETARY'S MOTION TO ABATE OR STAY**

**DISCOVERY AND RE-URGING THE SECRETARY'S MOTION TO DISMISS** via the

CM/ECF system:

UNITED STATES DEPARTMENT OF LABOR
Colleen B. Nabhan
525 Griffin Street, Suite 501
Dallas, Texas 75202
nabhan.colleen@dol.gov

OFFICE OF UNITED STATES ATTORNEY
John A. Smith, III
800 N Shoreline Blvd, Suite 500
Corpus Christi, Texas 78401
john.smith@usdoj.gov

This 24th day of May, 2011.

**CHAMBERLAIN HRDLICKA**
**WHITE WILLIAMS & MARTIN**

By:___*/s/ Annette A. Idalski*_____
         Annette A. Idalski
         Texas Bar No. 00793235