UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| GATE GUARD SERVICES, L.P., BERT STEINDORF, and SIDNEY L. SMITH <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Defendants/Counter-Plaintiffs. | Civil Action File <br> No. 6:10-cv-00091 |

### COUNTER-DEFENDANT SIDNEY L. SMITH'S MOTION TO DISMISS AMENDED COMPLAINT

Counter-Defendant Sidney L. Smith ("Mr. Smith") hereby files his Motion to Dismiss Defendant/Counter-Plaintiff Hilda L. Solis, Secretary of Labor's Amended Complaint (the "Amended Complaint")[1] against him pursuant to Fed. R. Civ. P. 12(b)(6) and S.D. Tex. L.R. 7.1, showing the Court as follows:

#### I. INTRODUCTION

The Secretary's Amended Complaint [2:11-cv-41, Dkt. #2] fails to state a claim pursuant to Federal Rule 12(b)(6) against Mr. Smith because the Secretary does not sufficiently allege that he is an "employer" as defined by the Fair Labor Standards Act ("FLSA"). The addition of Mr. Smith as a party defendant in this case is nothing short of frivolous. As set forth herein, the Amended Complaint does not assert that Mr. Smith has the requisite control over the business

---

[1] As a preliminary matter, Mr. Smith notes that he previously filed this Motion on April 22, 2011 in the Enforcement Action, styled *Hilda L. Solis, et al. v. Gate Guard Services*, L.P., Victoria Division, Case No. 6:11-CV-14. On July 12, 2011, however, that action was consolidated with the instant action, that action was administratively closed and "all pending motions in that action [were] denied as moot." [Dkt. # 45.] Accordingly, Mr. Smith is now re-filing his Motion as a Counter-Defendant in the instant action.

affairs and operations of Counter-Defendant Gate Guard Services L.P. ("GGS") to be deemed an "employer" under the FLSA. The Secretary only cursorily asserts that Mr. Smith "was manager of the defendant GGS and actively manages, supervises, and directs the business affairs and operations of [GGS]." [2:11-cv-41, Dkt. #2 ¶ 3]. This mechanical recitation of the FLSA, 29 U.S.C. § 203(d) is insufficient to establish individual FLSA liability.

Notwithstanding that Mr. Smith must be dismissed based on the face of the Amended Complaint alone, Mr. Smith is not liable under the FLSA because (1) he is not an officer, owner or high level official of GGS and (2) he does not have the requisite control over GGS's operations, finances, or other business affairs. In this regard, he does not have the authority to hire, fire, supervise or set the working hours or the wages of the Service Technicians and he has no power to contract with, terminate, supervise, pay or set the working hours of the Contractor Gate Attendants. (*See* Second Supplemental Declaration of Sidney Smith.)[2] Accordingly, based on the undisputed facts, Mr. Smith does not come close to satisfying the definition of an individual "employer" as contemplated by the FLSA.

Indeed, the complete absence of Mr. Smith's independent control belies the true reason that he was added as a party defendant to this action - the Secretary added Mr. Smith in a misguided effort to avoid the inevitable transfer of this action to the Victoria Division under the "first-to-file" rule. Given that the Secretary's strategy has proven unsuccessful, allowing Mr. Smith to remain a party serves only to unnecessarily burden and harass Mr. Smith.

For these reasons and those set forth herein, Mr. Smith respectfully requests that the Court grant his Motion to Dismiss the Amended Complaint against him with prejudice.

---

[2] A true and correct copy of the Second Supplemental Declaration of Sidney Smith ("Second Supp. Smith Dec.") is attached hereto as Exhibit "A".

## II.   PROCEDURAL HISTORY AND BACKGROUND FACTS

A.   **Relevant Procedural History**

On or about September 2010, the Secretary commenced an investigation into the issue of whether the Contractor Gate Attendants used by GGS were covered under the FLSA as employees. [*See* Civil Action No. 6:10-cv-91, Dkt. #14.] In October 2010, David Rapstine, the lead Wage and Hour investigator issued his findings claiming that GGS was in violation of the FLSA because the Contractor Gate Attendants were employees and not independent contractors. [*Id.* ¶ 35.] These findings were later confirmed to GGS's counsel on November 19, 2010 at a final conference by Eden Ramirez, District Director, and Michael Speer, Targeted Enforcement Coordinator. Colleen Nabhan, counsel from the Department of Labor's Office of the Solicitor, also attended that meeting. [*Id.* ¶ 38-39, Ex. A ¶¶ 7-8 thereto.]

GGS vehemently disputes the Secretary's determination that GGS is in violation of the FLSA and must pay over six million dollars in back wages. Given the Secretary's unfounded actions, on November 19, 2010, GGS was forced to file a declaratory judgment action against the Secretary, styled: *Gate Guard Services, LP v. Hilda L. Solis, Secretary of Labor, United States Department of Labor*, United States District Court, Southern District of Texas, Victoria Division, Civil Action No. 6:10-cv-91 (the "Original Action"). [*Id.* ¶ 35-39, Ex. A ¶¶ 3-4, 6-8 thereto.] In its Complaint, GGS seeks declaratory relief arising from the Secretary's flawed classification of the Contractor Gate Attendants as employees, its improper calculation totaling over six million dollars in back wages, and its allegation that GGS has not complied with recordkeeping requirements. [*Id.* ¶¶ 49-109.]

Inexplicably, almost three months after GGS filed its Original Action, on February 16, 2011, the Secretary initiated this <u>nearly identical</u> litigation against GGS, Mr. Steindorf, and

Mr. Smith in the Corpus Christi Division of this District. [Dkt. #1-2.] In that action, the Secretary alleges the exact same claims that are the basis of the Original Action, including: (1) that Counter-Plaintiffs owe back wages, including unpaid overtime, and (2) that Counter-Plaintiffs have violated the record-keeping requirements of the FLSA. [*Id.* at 3-4.][3] The Corpus Christi action was transferred to this Court on March 22, 2011 ("Transferred Action"). [Dkt. #18.] A scheduling conference was held on April 4, 2011, and a scheduling order was entered on the same day. [Dkt. #22.] Discovery is set to close on December 30, 2011. [*Id.*]

Given the virtually identical claims and overlapping parties in the two pending actions, on March 31, 2011, Counter-Defendants filed their Motion to Consolidate this Transferred Action with the Original Action. [Dkt. #20.] Counter-Plaintiff filed a response on April 20, 2010 opposing consolidation claiming prejudice without any support whatsoever and based on the illogical argument that it would be more efficient and cost effective if two virtually identical actions proceeded separately in this Court rather than as a single consolidated action. [Dkt. #24.] On April 9, 2011, Counter-Defendants filed their Motion to Bifurcate Discovery as to the threshold independent contractor determination and the calculation of damages, respectively. [Dkt. #23.]

B.   **Background Facts**

   1.   Gate Guard Services, L.P.'s Operations

---

[3] As mentioned above, upon information and belief, the Secretary named Mr. Steindorf and Mr. Smith as parties to the instant action in an unsuccessful effort to avoid the dismissal and/or transfer of that action pursuant to the "first-to-file" rule. Notwithstanding that Mr. Steindorf is not a proper party to this litigation, for clarification purposes surrounding the Secretary's spurious contention that he is a party, on March 11, 2011, GGS filed an Amended Complaint adding Mr. Steindorf as a Plaintiff in the Original Action. [Civil Action No. 6:10-cv-91, Dkt. #14 ¶ 2.) Mr. Smith, however, was not added as a party because the Secretary's addition of Mr. Smith to the instant action is frivolous and GGS will not perpetuate this frivolous act.

GGS, founded in 2003 by Counter-Defendant Bert Steindorf ("Mr. Steindorf"), is a Texas limited partnership which provides services to oil field operators by contracting with gate attendants (the "Contractor Gate Attendants" or "Gate Attendants") who perform the job of logging in vehicles entering and departing oil field operation sites. GGS operates throughout Texas, with the majority of its operation being in South Texas. [Dkt. # 7, Ex. A ¶¶ 5, 7 thereto.]

GGS enters into written contracts called, "Independent Contractor Agreements" with the Contractor Gate Attendants for the performance of services at the site of oil field operations. [*See* Civil Action No. 6:10-cv-91, Dkt. #14 ¶¶ 10, 14.] Specifically, the Contractor Gate Attendants log vehicles that enter and depart an oil field during the drilling and production phases. [*Id.*] The Contractor Gate Attendants are responsible for recording the name of the driver, company, license tag number, and date and time that each vehicle enters or departs the oil field (the "gate attendant services"). [*Id.* ¶ 11.] This information is recorded onto a document called a "Traffic Log." This information is recorded so that the identity of persons present at an oil field can be ascertained in the event of an emergency. [*Id.* ¶¶ 11-12.] For example, the site supervisor of an oil field operation may review the Traffic Log to determine whether all persons have been accounted for or if search and rescue teams should be engaged to locate missing individuals. [*Id.* ¶ 12.]

GGS also retains service technicians who service the septic tanks and/or provide fuel for the Contractor's generators approximately every two weeks (the "Service Techs"). [*Id.* ¶ 32.] The Service Technicians are paid as employees and receive W-2 forms from GGS which record their earnings. (*Id.* ¶ 33.)

    2.    <u>Mr. Smith's Role with GGS</u>

Mr. Steindorf hired Mr. Smith in 2008 to serve as a manager for GGS. [Dkt. #23, Ex. 2 ¶ 3 thereto.] Mr. Smith's role is limited to locating, interviewing and processing of the

independent contractors who act as gate attendants for GGS – the Contractor Gate Attendants. [Dkt. #7, Ex. B ¶ 3 thereto.] Specifically, Mr. Smith conducts searches for contractors, reviews the contractors' paperwork, interviews contractors both at GGS and across Texas, administers contractor qualification tests, conducts background checks for the contractors, and ensures that the Independent Contractor Agreement is executed. (Second Supp. Smith Dec. ¶ 6).

Mr. Smith is not an owner, partner, or officer of GGS. (*Id.* ¶ 4.) Mr. Smith does not control the finances of GGS and does not direct the operations of GGS or solve any operational problems which may arise. (*Id.*) Mr. Smith does not control or direct the payment of wages to GGS's employees or payments made to any of GGS's independent contractors. (*Id.* ¶ 8.) Specifically, he does not have any input into the rate and method of payment for the Contractor Gate Attendants and Service Technicians. (*Id.*) While Mr. Smith may review and process paperwork for Contractor Gate Attendant jobs, he possesses no authority to determine whether those individuals will ultimately be selected as independent contractors. (*Id.* ¶ 10.) Likewise, he does not possess the independent discretion to terminate GGS's contracting relationship with the Contractor Gate Attendants or fire Service Technicians or any other employee. (*Id.* ¶ 11.)

### III.   ARGUMENT

C.   **Legal Standard on Motion to Dismiss**

The Secretary's Complaint fails to state a claim against Mr. Smith pursuant to Fed. R. Civ. P. 12(b)(6), and he should be dismissed with prejudice. In order to survive a motion to dismiss, Counter-Plaintiff must allege "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; *Promotional Mgmt. Group, Inc.*

*v. Hsieh*, No. SA-09-cv-367-XR, 2009 WL 2849630, at *2 (W.D. Tex. Sept. 1, 2009) (same). The Secretary does not set forth sufficient facts in the Amended Complaint to meet this standard with regard to Mr. Smith. *Kaminski v. BWW Sugar Land Partners*, No. H-10-551, 2010 WL 4817057, at *3 (S.D. Tex. Nov. 19, 2010) (motion to dismiss granted where the complaint did not set forth sufficient factual averments to state a facially plausible claim that the moving defendants were each "employers" under the FLSA); *Fajardo-Espinosa v. Parkland Hosp.*, No. 3:09-cv-540-O, 2010 WL 1267260, at *3 (N.D. Tex. 2010 Mar. 16, 2010) (FLSA claims dismissed for failure to state a claim).

D. **The Secretary Has Failed to State a Claim Against Mr. Smith Pursuant to Fed. R. Civ. P. 12(b)(6) Warranting His Dismissal With Prejudice From This Lawsuit**

A plaintiff may only assert FLSA claims against an "employer." 29 U.S.C. § 203(d). Whether an individual is properly considered an employer under the FLSA turns on the "'economic realities'" of the relationship. *Baxter v. McClelland*, No. H-09-3676, 2010 WL 4577658, at * 3 (S.D. Tex. Nov. 5, 2010) (quoting *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990)); *see also Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984) ("This circuit . . . has underscored the importance of 'the economic realities' of employment . . . ." (citations omitted)). Significantly, the definition of an "employer" "'does not depend on technical or isolated factors but rather on the circumstances of the whole activity.'" *Krohn v. David Powers Homes, Inc.*, No. H-07-3885, 2009 WL 1883989, at *5 (S.D. Tex. June 30, 2009) (quoting *Alvarez Perez v. Sandford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008)). When analyzing whether an individual is an "employer," "[c]ourts routinely conclude 'that liability under the [FLSA] depends on the individual's high position within the company' as well as 'the individual's exercise of control.'" *Rudy v. Consol. Restaurant Co., Inc.* NO. 3:08-CV-0904-L, 2010 WL 3565418, at *5 (N.D. Tex. Aug. 18, 2010) (internal citations omitted). As

discussed fully below, the Secretary <u>has not</u> and, indeed, <u>cannot</u> allege that Mr. Smith is an officer of GGS or that he exercised sufficient control over GGS's operations to be deemed an employer sufficient to invoke liability under the FLSA.

    1.    <u>Mr. Smith is Not an Officer of GGS</u>

Corporate officers are generally liable as "employers" under the FLSA. *Rudy,* 2010 WL 3565418, at *5 (citing *Freeman v. Foley*, 911 F. Supp. 326, 331 (N.D. Ill.1995) (stating that corporate officers with "operational control" over an employing entity are employers)). Indeed, "[t]he overwhelming weight of authority is that a corporate officer with operational control ... is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Rudy,* 2010 WL 3565418, at *5 (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)); *see also Ashby v. Nat'l Freight, Inc.*, No. 8:07-cv-898, 2007 WL 3231803 (M.D. Fla. Oct. 30, 2007) (concluding that plaintiff failed to sufficiently plead that the individual defendant was an officer of the corporate defendant and that the individual defendant would otherwise be liable under the FLSA as an officer.)

Here, of course, the Secretary <u>has not</u> and <u>cannot</u> plead that Mr. Smith is an owner or officer of GGS, because he is merely a manager. His duties include only administering and processing the Contractor Gate Attendants initial paperwork, background checks, competency test and other routine papers. Courts have routinely rejected the argument that individuals with the type of supervisory duties possessed by Mr. Smith can be individually liable under the FLSA. *Rudy,* 2010 WL 3565418, at *5 ("courts generally reject the belief that a *low-level supervisor* of other employees can be individually liable.") (emphasis in original) (internal citations omitted). Congress did not intend that the term "employer" be enforced in such a limitless fashion. *See Baxter*, 2010 WL 4577658, at *4; *Rudy,* 2010 WL 3565418, at *5 (citing *Dole v. Cont'l Cuisine, Inc.*, 751 F. Supp. 799, 802 (E.D. Ark. 1990)) (stating that the FLSA's broad definition should

8

not be taken so literally that "it would make any supervisory employee, even those without any control over the corporation's payroll, personally liable for the unpaid or deficient wages of other employees"); *Baird v. Kessler*, 172 F. Supp. 2d 1305, 1311 (E.D. Cal. 2001) (noting that "Congress could not have intended to hold individuals personally liable for alleged violations of the FLSA when those individuals cannot even control crucial aspects of the work environment such as when paychecks will issue, how many employees are necessary, and whether or not more employees could be hired"). Accordingly, Mr. Smith is not an FLSA employer because has failed to allege that he is an officer of GGS.

2. Mr. Smith Does Not Maintain Sufficient Control Over GGS's Operations

Even if Mr. Smith were an officer or high level supervisor, which he is clearly not, he still would not be an employer under the FLSA because the Amended Complaint is deficient and the undisputed facts show that Mr. Smith does not maintain sufficient control over GGS's operations.

Courts have recognized that the term "employer" does not automatically encompass any officer or high-level supervisor. Rather, to be an employer, an individual must 'independently exercise control over the work situation." *Rudy v. L*, 2010 WL 3565418, at *5 (emphasis added) (internal citations omitted). Moreover, an "employer" is required to possess "not only a sufficient level of control, but also a nexus to the protected rights at issue." *Id.* (citing *Grim Hotel*, 747 F.2d at 972). In other words, the FLSA "employer" must possess "control over the aspect of employment alleged to have been violated." *Rudy*, 2010 WL 3565418, at *5 (emphasis added) (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d. 962, 966 (6th Cir. 1991)); *Dole v. Simpson*, 784 F. Supp. 538, 545 (S.D. Ind. 1991); *see also Rubin v. Tourneau, Inc.*, 797 F. Supp. 247, 253 (S.D. N.Y. 1992) (construing same definition of employer in 29 U.S.C. § 2001(2) to reach a person "if, as a matter of economic reality, that person or entity exerts some degree of

control over the employer's compliance" with the statute). In making the "employer" determination, Courts must consider whether the individual was "principally in charge of directing employment practices, such as hiring and firing employees . . . and setting employees' wages and schedules" to the extent that he was "instrumental in 'causing' the corporation to violate the FLSA." *Krohn*, 2009 WL 1883989, at *5 (emphasis added) (citing *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26, 34 (1st Cir. 2007)).

First, aside from parroting the language of 29 U.S.C. § 203(d) of the FLSA verbatim, the Secretary has entirely failed to allege **any** facts in the Amended Complaint that establishes that Mr. Smith is an "employer" under the FLSA. Specifically, the Amended Complaint fails to allege that Mr. Smith had any control whatsoever. For example, the Amended Complaint fails to allege that Mr. Smith had the power to hire or fire any manager or employee including the Service Technicians, or to enter into contracting relationships with the Gate Attendants. The Secretary fails to allege that Mr. Smith could determine the pay rates and methods of payment for the Gate Attendants and Service Technicians. Moreover, the Secretary does not allege that Mr. Smith has the power to direct, control, or supervise the day-to-day activities of the Gate Attendants and Service Technicians. Instead the Secretary merely alleges that Mr. Smith "supervises and directs the business affairs and operations" of GGS. (Amended Compl. ¶ 3.) This bare bones allegation is insufficient. *Twombly,* 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do."); *Ashby v. Nat'l Freight, Inc.,* No. 8:07-cv-898, 2007 WL 3231803 (M.D. Fla. Oct. 30, 2007) (plaintiff's complaint against individual dismissed under Fed. R. Civ. P. 12(b)(6) where plaintiff failed to allege sufficient facts of operational control to impose individual liability as an "employer" under the FLSA.)

Second, and notwithstanding this deficiency, Mr. Smith cannot be considered an "employer" because he does not, in fact, exercise "substantial control" over the FLSA violations alleged here: he does not possess the independent power to hire and fire the Service Technicians or to contract with the individuals who would serve as Contractor Gate Attendants. (Second Supp. Smith Dec. ¶ 9.) While Mr. Smith may review and process the initial paperwork for Gate Attendant jobs and provide input, he possesses no substantive discretion regarding whether those individuals will ultimately be selected to work for GGS. (*Id.* ¶ 10.)   Likewise, he does not possess the independent discretion to fire Service Technicians or to terminate the contracts with the Contractor Gate Attendants.  (*Id.* ¶ 11.)  Moreover, he does not have any input into the amount of payments that are issued to the Contractor Gate Attendants or the amount of wages paid to the Service Technicians. (*Id.* ¶ 8.)   Finally, Mr. Smith does not control GGS's finances, and is not responsible for solving operational problems which may arise.  (*Id.* ¶ 4.)

As such, Mr. Smith meets none of the requirements necessary to be an FLSA "employer." *See, e.g., Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986) (recognizing that to be personally liable under the FLSA, an individual "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee."). *Compare Baxter*, 2010 WL 4577658, at *5 (quoting *Grim Hotel*, 747 F.2d at 972) (recognizing that "common examples of 'managerial responsibilities' sufficient to impose individual FLSA liability include holding the 'purse-strings' of a corporation, selecting management of the corporation, solving major operational problems, and being responsible for employee compensation, wage increases, and benefits." )

## IV. CONCLUSION

In sum, Mr. Smith cannot possibly be construed as an individual who is an officer or high level official or supervisor who is "principally in charge of directing employment practices, such as hiring and firing employees . . . and setting employees' wages and schedules" such that he was "instrumental in 'causing' the corporation to violate the FLSA. *Krohn*, 2009 WL 1883989, at *5. Therefore, the Court should dismiss the Secretary's claim against Mr. Smith with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because Mr. Smith cannot be held individually liable for any purported violation of the FLSA.

This 22nd day of July, 2011.

        CHAMBERLAIN HRDLICKA
        WHITE WILLIAMS & MARTIN

        By: /s/ Annette A. Idalski
            Annette A. Idalski
            Texas Bar No. 00793235
            Federal I.D. 1130754
            191 Peachtree Street, N.E.
            Thirty-Fourth Floor
            Atlanta, GA  30303-1747
            Telephone:  (404) 658-5386
            Facsimile:   (404) 659-1852

*Attorney for Counter-Defendant Sidney L. Smith*

## CERTIFICATE OF SERVICE

This is to certify that on this date I have electronically filed the foregoing **DEFENDANT SIDNEY L. SMITH'S MOTION TO DISMISS AMENDED COMPLAINT** with the Clerk of Court via the CM/ECF system and have served a copy of the same via the CM/ECF system on:

UNITED STATES DEPARTMENT OF LABOR
Richard Moyed
525 Griffin Street, Suite 501
Dallas, Texas 75202
nabhan.colleen@dol.gov

OFFICE OF UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS
John Smith
800 N Shoreline Blvd, Ste 500
Corpus Christi, TX 78401
larry.ludka@usdoj.gov

This 22nd day of July, 2011.

**CHAMBERLAIN HRDLICKA
WHITE WILLIAMS & MARTIN**


By: */s/ Annette A. Idalski*
     Annette A. Idalski