UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GATE GUARD SERVICES, L.P. and BERT STEINDORF,<br><br>Plaintiffs,<br><br>v.<br><br>HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Defendant/Counter-Plaintiff,<br><br>v.<br><br>GATE GUARD SERVICES, L.P., BERT STEINDORF and SIDNEY L. SMITH<br><br>Counter-Defendants. | ) | Civil Action File No. 6:10-cv-91<br><br>JURY |

**EMERGENCY MOTION TO STRIKE THE SECRETARY'S PARTIAL MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, TO STAY AND SUPPLEMENT TO GATE GUARD SERVICES L.P.'S MOTION TO COMPEL**

COME NOW Plaintiffs/Counter-Defendants Gate Guard Services, L.P. ("GGS") and Bert Steindorf ("Mr. Steindorf"), and respectfully move this Court for an emergency order striking the Secretary's Partial Motion For Summary Judgment ("Secretary's MSJ"), or alternatively, staying the Secretary's MSJ until such time as the Court rules on GGS's Motion to Compel as set forth in the Scheduling Order. By this Motion, GGS also Supplements its Motion to Compel.

## I. INTRODUCTION AND BACKGROUND FACTS

By filing her MSJ prematurely on May 3, 2012, the Secretary violated the intent of the parties' agreement which is memorialized in the Court's revised Scheduling Order. Indeed, it was the Secretary's counsel who initiated the agreement and jointly presented this agreement to

the Court with Plaintiffs' counsel. By unilaterally changing course, the Secretary's actions have caused GGS and Mr. Steindorf to be placed in the untenable position of having to respond to the premature MSJ without the benefit of critical discovery to which they may be entitled pending this Court's ruling on their Motion to Compel. This Motion is filed on an emergency basis given the very short time frame – 21 days – in which GGS and Mr. Steindorf must respond.

The parties' agreement transpired as follows. Discovery in this case ended on December 30, 2011 and dispositive motions were originally due on January 20, 2012. In November 2011, counsel for the Secretary contacted counsel for Plaintiffs and requested that the Scheduling Order be changed. The parties then agreed the dispositive motions deadline would be extended until after this Court ruled on GGS's Motion to Compel regarding the very critical issue of the disclosure of the Secretary's witness statements and investigation documents. Obviously, the whole point of extending the dispositive motions deadline was to first complete discovery so that it would not, according to the Secretary's counsel, "run into the current summary judgment deadline". This only makes sense. The Court approved the parties' agreement and issued the Scheduling Order on December 23, 2011. Then, on May 3, 2012, in violation of the intent of the parties' agreement, the Secretary filed her MSJ without waiting for the Court's ruling on GGS's Motion to Compel. The Secretary did not want to wait for this Court's ruling and put GGS and Mr. Steindorf in the disadvantageous position of having to respond without all of the facts to which they may be entitled.

**On Friday, May 4, 2012, when Counsel for Plaintiffs contacted Counsel for the Secretary to conference on this Motion, Counsel for the Secretary took the position that the Secretary "never agreed" to wait until after the Court ruled on the Motion to Compel discovery to file her dispositive motion.** This position, however, is contrary to Ms. Nabhan's

prior email which confirms that the Secretary wanted to extend dispositive motion deadlines because she was concerned **"that discovery (or rulings) may run into the current summary judgment deadline."** The Secretary initially refused to agree to a stay. Then, later that day, after she knew that GGS's counsel had spent the afternoon preparing the instant motion and incurred legal fees unnecessarily, the Secretary agreed to an extension of time for GGS and Mr. Steindorf to respond the MSJ as long as they agreed not to seek a stay and attorneys' fees for their wasted effort. No agreement was reached.

In addition to the unnecessary trouble and expense GGS was forced to incur with regard to the instant Motion, it appears that the Secretary unnecessarily caused GGS to file its prior Motion to Compel. The Secretary refused to disclose a single gate attendant witness or any document pertaining to the witness during discovery based on the government informant's privilege forcing GGS to brief several motions to compel and to burden the Court. Now, at the final hour, in her MSJ, she has disclosed 28 gate attendant witnesses for the first time. GGS should be granted an award of attorneys' fees for being put to the trouble of filing motions to compel when the Secretary clearly intended to disclose these witnesses all along. Moreover, because the Secretary has waived this privilege, all investigatory documents pertaining to these witnesses should be disclosed to GGS as they are critical to its defense.

For these reasons, GGS and Mr. Steindorf respectfully request that the Court strike the Secretary's MSJ or, alternatively, stay their response until such time as the Court rules on GGS's Motion to Compel and, if granted, is allowed to conduct critical discovery before responding to the Secretary's MSJ. The Secretary should also be ordered to produce all documents requested in GGS's Motion to Compel as to the 28 gate attendant witnesses and all other witnesses

identified in her MSJ as she has waived the government informant's privilege. Given the number of gate attendant witnesses, GGS will need 60 rather than 30 days to depose them.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. The Secretary Has Violated The Parties Agreement as Memorialized in the Court's Scheduling Order To Stay Summary Judgment Briefing.

On November 30, 2011, counsel for the Secretary, Colleen Nabhan, contacted counsel for Plaintiffs and stated: "since you mentioned today that GGS might be interested in a discovery extension pending the Court's ruling on GGS's Motion to Compel, **what do you think about filing a joint motion to extend discovery and all other deadlines by 60 days?"... "The problem I see with only extending the discovery deadline is that discovery (or rulings) may run into the current summary judgment deadline".** (*See* Declaration of Annette A. Idalski, ¶ 3, Ex. 1.)[1] Because the additional discovery which is the subject of GGS's Motion to Compel is critical to the parties' summary judgment briefing, counsel for Plaintiffs agreed to the Secretary's proposal. Based upon counsel for the Secretary's proposal, counsel for Plaintiffs then circulated a draft Joint Motion to Extend Deadlines in the June 20, 2011 Scheduling Order ("Joint Motion"). (Declaration of Erin P. Harris ¶ 3, Ex. 1.)[2] Margaret Cranford, counsel for the Secretary, responded and requested two changes to the Joint Motion. (*Id.* ¶ 3, Ex. 2.) After circulating the Joint Motion incorporating the Secretary's two changes, Ms. Cranford gave counsel for Plaintiffs permission to sign and file the Joint Motion on the Secretary's behalf. (*Id.* ¶ 3, Ex. 2.)

Thereafter, on December 8, 2011, the parties jointly submitted to the Court a proposed Order extending the deadline for filing dispositive motions and to complete discovery. (Dkt. #

---

[1] A true and correct copy of the Declaration of Annette A. Idalski is attached hereto as Exhibit "A".
[2] A true and correct copy of the Declaration of Erin P. Harris is attached hereto as Exhibit "B".

101.)[3] With respect to discovery, the Secretary requested an additional month (through January 31, 2012) to complete her discovery. (Dkt. # 101, ¶¶ 1-2.) Given its pending Motion to Compel, GGS and Mr. Steindorf requested an additional thirty (30) days to complete discovery if and when the Court granted the Motion to Compel. (Dkt. # 101, ¶ 3.) The Secretary agreed.

Significantly, because GGS and Mr. Steindorf's fact discovery would not be complete until a ruling on GGS's Motion to Compel, <u>and because such fact discovery is critical to the parties' anticipated summary judgment motions</u>, and because Ms. Nabhan was concerned that discovery rulings might run into the original dispositive motions deadline, the parties agreed that the deadline to file dispositive motions should "be extended until such time as the Court enters a ruling on GGS's Motion to Compel." (Dkt. # 101, ¶ 4.) To that end, if GGS's Motion to Compel is granted, dispositive motions would be due the later of February 20, 2012 or sixty (60) days after the Court grants GGS's Motion to Compel; if the Motion to Compel is denied, dispositive motions would be due the later of February 20, 2012 or thirty (30) days after the Court denies GGS's Motion to Compel. (Dkt. # 101, ¶ 5.) The Court granted the parties' Joint Motion on December 23, 2011 and entered a new Scheduling Order. (Dkt. # 105.)[4]

**The Secretary has now done an about-face and violated the intent of her agreement with Plaintiffs.** On May 3, 2012, the Secretary filed her MSJ, seeking a ruling on the issue at the very heart of this case: whether the gate attendants are employees under the Fair Labor Standards Act ("FLSA"). (Dkt. # 111.) The Secretary has blatantly disregarded this Court's prerogative to rule on GGS's Motion to Compel, instead electing to press forward with a premature dispositive motion to which Plaintiffs cannot yet respond. This tactic is far beneath the

---

[3] A true and correct copy of the Joint Motion to Extend Deadlines in the June 20, 2011 Scheduling Order is attached hereto as Exhibit "C".

[4] A true and correct copy of the Scheduling Order entered by the Court on December 23, 2011 is attached hereto as Exhibit "D".

standard to which our neutral government officials should be held. Plaintiffs request that the Court hold the Secretary to her agreement and either strike the Secretary's MSJ or, alternatively, grant a stay until the Court rules on GGS's Motion to Compel to avoid prejudice to Plaintiffs.

**B. The Court Should Grant GGS's Motion to Compel Because the Government Informant's Privilege Has Been Waived.**

Throughout this litigation, GGS and Mr. Steindorf were unable to complete fact discovery and were forced to file a Motion to Compel because the Secretary would not produce critical witness statements and other investigatory documents that GGS and Mr. Steindorf need in order to adequately prepare their defense to the Secretary's claims. (Dkt. # 58.) The Secretary withheld documents such as: witness statements taken during the fact investigation, interview notes, work surveys, questionnaires, portions of Lead Investigator Rapstine's file and the FLSA narrative citing the government informant's privilege, which she used as a shield during the discovery process to prevent GGS and Mr. Steindorf from learning the identities of any of her witnesses. (*See* Dkt. # 58, 70.)

Now, the Secretary has filed her MSJ, revealing for the first time the names of 28 gate attendant witnesses upon whom she relies to support her case against Plaintiffs. (Dkt. # 111.) The Secretary has revealed the very information she previously claimed was protected. (*See* Dkt. # 70.) Clearly, the Secretary believes it is safe to do so now because she has made sure that GGS and Mr. Steindorf can no longer challenge these statements. Indeed, they were kept secret during discovery and the Secretary has rushed to file her MSJ prior to the Court's ruling on GGS's Motion to Compel to prevent any further discovery. **GGS and Mr. Steindorf have had no opportunity to conduct discovery as to these witnesses because they have never been disclosed by the Secretary, and they have been prevented from testing the veracity of these witnesses because the critical documents remain in the sole possession of the Secretary**.

If this is not litigation by ambush, it is hard to imagine what is. The Secretary is using the government informant's privilege as a shield and a sword. During discovery, the Secretary used the government informant's privilege to shield critical documents based on the identities of her witnesses so that GGS and Mr. Steindorf would not have a fair opportunity to challenge the veracity of their statements or to even talk to these witnesses. Now, the Secretary is using the government informant's privilege as a sword by revealing these witnesses and insisting that they can no longer be cross-examined or challenged. The Secretary has misused this privilege.

With respect to the 28 witnesses disclosed by the Secretary, GGS requests that the Court grant its Motion to Compel the documents pertaining to these witnesses since the government informant's privilege has now been waived by the Secretary. *See Alpert v. Riley*, No. H-04-CV-3774, 2009 WL 1226767, *8 (S.D. Tex. Apr. 30, 2009) (government informant's privilege does not apply when the identity of the informer has been disclosed); *Mitchell v. Bass*, 252 F.2d 513, 517 (8th Cir. 1958) ("after the Government had voluntarily disclosed the names of the informer's no further reason for applying the informer's privilege remained"). GGS also is entitled to the other witness statements and related documents which the Secretary chose not to use to support her MSJ as those witnesses statements may be favorable to GGS. For example, the Secretary may have an overwhelming majority of witness statements that are favorable to GGS, but is only using a few select statements which she believes might support her case.

In contrast to the Secretary's unfair litigation tactics, GGS and Mr. Steindorf have complied with the Federal Rules by providing the Secretary with the names of their witnesses throughout the discovery period including producing a privilege log of the names of each of the gate attendant witnesses from whom GGS obtained statements.[5] **Thus, the Secretary, unlike GGS and Mr. Steindorf, has been afforded the chance to conduct discovery as to these gate**

[5] A true and correct copy of Plaintiffs' Privilege Log is attached hereto as Exhibit "E".

**attendant witnesses.** The inequity of the Secretary's position in this regard is highly prejudicial to GGS and Mr. Steindorf. GGS is only asking for a level playing field. GGS respectfully supplements its Motion to Compel accordingly.

**C. <u>Attempts to Conference and Request for Attorneys' Fees.</u>**

GGS and Mr. Steindorf request their attorneys' fees incurred in drafting and filing the instant motion due to the Secretary's refusal to abide by this Court's Scheduling Order. Pursuant to 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

This is exactly what has occurred here. The Secretary knew that GGS and Mr. Steindorf need the additional discovery outlined in GGS's Motion to Compel in order to prepare their defense. To gain an unfair advantage, the Secretary circumvented the parties' agreement and the Scheduling Order by filing her MSJ prior to the Court's ruling on GGS's Motion to Compel.

Counsel for GGS and Mr. Steindorf reached out to the Secretary's counsel the following morning on May 4, 2012, requesting that the Secretary agree to withdraw her MSJ or agree to a stay, and advising that if the Secretary refused, GGS and Mr. Steindorf would be filing an emergency motion by 5:00 p.m. ET on May 4, 2012. (Declaration of Annette A. Idalski, ¶ 4, Ex. 2.) Time was of the essence given the short twenty-one (21) day deadline to respond to the MSJ or to obtain a Court Order staying the deadline. In response, the Secretary not only refused to agree to a stay, but contradicted her prior email and stated that she "never" agreed to wait for a ruling on the Motion to Compel Discovery before filing her dispositive motion. (*Id.*) Later that afternoon at <u>4:13 p.m. ET</u>, knowing full well that GGS had already drafted its Motion, <u>the Secretary advised counsel for Plaintiffs that she would agree to extend the deadline to respond to</u>

the MSJ only if Plaintiffs agreed "not to file a motion to stay seeking attorneys' fees". (*Id.*) By that time, however, Plaintiffs' attorneys' fees had already been incurred as a result of the Secretary's dilatory tactics. (*See id.*). Accordingly, GGS and Mr. Steindorf request their attorneys' fees in the amount of $2,110 incurred in preparing and filing the instant Motion. (Declaration of Annette A. Idalski ¶ 8; Declaration of Erin P. Harris ¶ 5.)

## III. CONCLUSION

For all of the foregoing reasons, GGS and Mr. Steindorf respectfully request that the Court grant their request to strike the Secretary's MSJ, or alternatively, for an emergency stay of their deadline to respond to the Secretary's premature Motion for Partial Summary Judgment. Additionally, Plaintiffs request that the Court grant GGS's Motion to Compel, and award GGS and Mr. Steindorf their reasonable attorneys' fees incurred in filing this Motion.

Respectfully submitted this 7th day of May, 2012.

CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY

By: :__*/s/ Annette A. Idalski*__________
Annette A. Idalski
Texas Bar No. 0793235
191 Peachtree Street, Suite 3400
Atlanta, Georgia 30303
Telephone: (404) 658-5386
Facsimile: (404) 659-1852
annette.idalski@chamberlainlaw.com

Daniel D. Pipitone
Texas Bar No. 16024600
1200 Smith Street
14th Floor
Houston, Texas 77002-4310
Telephone: (713) 654-9670
Facsimile: (713) 356-1070
pipitone@chamberlainlaw.com
*Counsel for Plaintiffs/Counter-Defendants Gate Guard Services, L.P. and Bert Steindorf*

**CERTIFICATE OF COMPLIANCE**

As required by Local Rule 7.1(D), Plaintiffs Gate Guard Services, L.P. and Bert Steindorf hereby aver that they have conferred with counsel for the Secretary regarding the issues raised herein and the parties have been unable to agree regarding the disposition of Plaintiffs' Emergency Motion to Strike the Secretary's Motion for Partial Summary Judgment or, in the Alternative, Motion to Stay and Supplement to Gate Guard Services, L.P.'s Motion to Compel.

This 7th day of May, 2012.

**CHAMBERLAIN HRDLICKA**
**WHITE WILLIAMS & AUGHTRY**

By:__*/s/ Annette A. Idalski*____________
Annette A. Idalski
Texas Bar No. 00793235

**CERTIFICATE OF SERVICE**

This is to certify that on this date I have electronically filed the foregoing EMERGENCY MOTION TO STRIKE THE SECRETARY'S MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO STAY AND SUPPLEMENT TO GATE GUARD SERVICES, L.P.'S MOTION TO COMPEL with the Clerk of Court via the CM/ECF system and have served a copy of the same via the CM/ECF system on:

UNITED STATES DEPARTMENT OF LABOR
Colleen B. Nabhan
525 Griffin Street, Suite 501
Dallas, Texas 75202
nabhan.colleen@dol.gov

OFFICE OF UNITED STATES ATTORNEY
John A. Smith, III
800 N Shoreline Blvd, Suite 500
Corpus Christi, Texas 78401
john.smith@usdoj.gov

This 7th day of May, 2012.

**CHAMBERLAIN HRDLICKA**
**WHITE WILLIAMS & AUGHTRY**

By: *_/s/ Annette A. Idalski_*
Annette A. Idalski
Texas Bar No. 00793235