UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

---

| | |
|---|---|
| GATE GUARD SERVICES, L.P. and<br>BERT STEINDORF | : |
| | : |
| | : |
| Plaintiffs/Counter-Defendants | : |
| | : |
| v. | :   Civil Action No.   6:10-cv-00091 |
| | : |
| HILDA L. SOLIS, SECRETARY OF LABOR, | : |
| UNITED STATES DEPARTMENT OF | : |
| LABOR | : |
| | : |
| Defendant/Counter-Plaintiff | : |

---

# Secretary's Response to Gate Guard Services, L.P.'s
# Motion For Leave To Supplement its Motion to Compel

Defendant/Counter-Plaintiff Hilda L. Solis, Secretary of Labor, United

States Department of Labor (the "Secretary") responds to the motion of Gate Guard

Services, L.P. ("GGS") to supplement its motion to compel (Dkt. ## 116 and 116--1).

GGS' motion to supplement its motion to compel should be denied because the Secretary,

contrary to GGS' baseless contentions, has not revealed the identity of a single individual

who provided information to the government during its underlying investigation of GGS

and, therefore, has not waived the government's informer privilege.

**A.**     **Background Facts**

The Secretary timely filed her Motion for Partial Summary Judgment.  From the

outset the Secretary agreed to an extension for GGS to file its Response to that Motion.

Among the many evidentiary documents attached in support of the Secretary's Motion

for Partial Summary Judgment are the declarations of 28 of GGS's gate guards (the "summary judgment declarants").

**B.      The Secretary Has Not Revealed the Identity of Government Informants and Has Not Waived the Government's Informer Privilege**

In GGS' motion to supplement its motion to compel, GGS contends the Secretary has waived the government's informer privilege at least with respect to the 28 summary judgment declarants.[1]  GGS, however, fails to point out that the government has not revealed the identity of anyone who provided information to the government during its investigation of GGS.  Nobody (beside the government), including GGS, knows who provided information to the government during its investigation of GGS.  Similarly, GGS and nobody else, knows which, if any, of the 28 summary judgment declarants provided information to the government during its investigation of GGS.  Because the Secretary has not revealed the identity of any informant providing information to the government during its investigation of GGS, the Secretary has not waived the government's informer privilege.[2]

---

[1]  GGS's motion to supplement also asserts that if its Motion to Compel is granted, GGS "will need" 60 rather than 30 days to depose the gate guards. GGS Motion to Supplement at 2. The Secretary opposes the extension.  In the agreed scheduling order the parties expressly agreed to 30 days to take any such depositions, if GGS's Motion To Compel is granted.  *See* Scheduling Order,  Dkt. 105.  GGS has not pled for an order amending the agreed scheduling order, in its motion to supplement or elsewhere.  Nor has GGS conferenced with the Secretary concerning its proposed extension for depositions.  GGS's Motion to Compel should be denied for all of the reasons discussed in the Secretary's Response to the Motion to Compel, but if it is granted, then GGS's proposed deposition extension to the scheduling order should not be granted because it would unnecessarily prolong discovery for no reason.  GGS has had full and fair opportunity to interview all of its gate guards from the time the investigation commenced, through its filing of its Original Complaint, and continuing until today and beyond.

[2] The 28 declarations attached to the Secretary's Motion for Partial Summary were obtained after counsel for the Secretary interviewed each declarant and then drafted a

2

GGS also argues that because GGS has named in its privilege log the gate guards whom GGS has interviewed, the Secretary must produce any investigatory statements and notes at least regarding the 28 summary judgment declarants. Tellingly, however, *GGS has not produced any statements nor any interview notes it has taken from its gate guards whom it has interviewed, and has never offered to do so.* The Secretary, of course, has consistently maintained the government informant's privilege by declining to name those that it interviewed during its investigation. Moreover, GGS's argument appears to conflate GGS with the Secretary, and assumes that GGS and the Secretary are on a par with the government's informant privilege. This notion is incorrect.

The Secretary thoroughly discusses the well-settled law on the government's informer privilege in its response to GGS' motion to compel (*see* Dkt. #70 at 3-10) and will not repeat that discussion here. Briefly, however,  only the Secretary can claim the government's informant privilege – because this privilege belongs to the Secretary, not to those that are the subject of investigation like GGS.  *See Roviaro v. United States*, 353 U.S. 53, 59 (1957) (this privilege belongs to the government and is intended to further and protect the public's interest in law enforcement); *Brock v. On Shore Quality Control Specialists*, 811 F. 2d 282, 283-84 (5th Cir. 1987); *Wirtz v. Continental Finance & Loan Co. of West End*, 326 F.2d 561, 563 (5th Cir. 1964); *Hodgson v. Charles Martin Inspectors of Petroleum*, 459 F.2d 303, 305 (5th Cir. 1972); *Dole v. Local 1942, Int'l Bhd. of Elec. Workers, AFL-CIO,* 870 F.2d 368, 372 (7th Cir. 1989).

 GGS, nevertheless cites two cases, one from the Eighth Circuit that is over 50 years old, to "support" its worthless argument that the Secretary has waived the

---

declaration for them to sign.  Thus, any notes taken by the Secretary's counsel during this process are protected from production by the attorney work  product doctrine.

government's informant privilege with respect to the 28 summary judgment declarants. Neither one of these cases supports GGS' erroneous proposition.

In the first case cited by GGS, *Alpert v. Riley*, No. H-04-CV-3774, 2009 WL 1226767 (S.D. Tex. Apr. 30, 2009), the government was not even a party to the suit. Rather, the defendant attempted to justify his refusal to respond to discovery on the grounds that he was once a government informant.  The court, stating the defendant's identity as a government informant had long been known, held that the defendant's former status as a government informant did not shield him from responding to discovery in an action in which the government was not a party.

The second case, *Mitchell v. Bass*, 252 F.2d 513 (8th Cir. 1958), is equally unavailing to GGS.  In *Mitchell*, the government's counsel, during a pretrial conference, voluntarily identified 11 government informants.  Even so, the court initially refused the defendants' request that the government produce the statements that the 11 informants gave to the government, holding that the defendants did not show good cause.  After attempting to contact the 11 informants, the defendants renewed their request with respect to the 4 informants who refused to speak with defendants.  The Court held that the defendants then showed good cause with respect to these four informants and ordered the production of their statements.

Unlike *Mitchell*, the government in this case, as previously stated, has not revealed the identity of single individual providing information to the government in its investigation of GGS.  Moreover, the identity of the gate guards that GGS employed was more readily known to GGS than to the government.  GGS had the opportunity to speak with every single gate guard it employed, including the 28 summary judgment

declarants.[3]  And, unlike in *Mitchell*, GGS has not made any showing in this case that it was unable to contact a single gate guard.  Thus, GGS continues to fail to show any need for the privileged confidential statements.

**C.     Conclusion**

The Secretary has not revealed the identity of a single individual who provided information to the government during its underlying investigation of GGS and has not waived the government's informer privilege.  Thus, GGS's  motion for leave to supplement its motion to compel should be denied in its entirety.

---

[3] Indeed, GGS tacitly admits as much.  According to the privilege log that GGS attached to its Motion to Supplement, GGS had already interviewed many of its gate guards, including some of the summary judgment declarants, *before* the Secretary even filed her Motion for Partial Summary Judgment. On information and belief, GGS now is in the process of contacting additional gate guards they may not previously have interviewed.

Respectfully Submitted,

M. PATRICIA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

U. S. Department of Labor                    MARGARET TERRY CRANFORD
Office of the Solicitor                      Counsel for Wage and Hour
525 Griffin Street, Suite 501
Dallas, Texas 75202
Telephone:  972-850-3100
Facsimile:   972-850-3101

 /s/ Colleen B. Nabhan
COLLEEN B. NABHAN
Attorney-In-Charge
Texas Bar No. 14769500
RICHARD M. MOYED
Texas Bar No. 14612550
JENNIFER J. JOHNSON
Texas Bar No. 24055743

JOSE ANGEL MORENO
United States Attorney

JOHN A. SMITH III
Assistant United States Attorney
Southern District of Texas No. 8638
Texas Bar No. 18627450
800 North Shoreline, Suite 500
Corpus Christi, Texas  78401
Telephone:  (361) 888-3111
Facsimile:  (361) 888-3200
E-mail: john.a.smith@usdoj.gov

Attorneys for Defendant/Counter-
Plaintiff

**Certificate of Service**

I hereby certify that on the 7th day of June, 2012, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.


By: /s/Colleen B. Nabhan
     COLLEEN B. NABHAN