# EXHIBIT 16

to Bert Steindorf's
Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Agreement is entered into as of this _27_ day of _October_ ~~2004~~ 2010, between Gate Guard Services, LP, hereinafter called "the Company" and _Lawrence C Backman_ hereinafter called "Contractor".

WHEREAS, Contractor represents and warrants that he/she/it maintains his/her/its own business operation to provide independent guard services for hire and holds him/her/itself out as an independent contractor for hire;

WHEREAS, Contractor has substantially invested in his/her/its business by obtaining necessary equipment and supplies to carry our Contractor's business enterprises; and

WHEREAS, the Company wishes to engage Contractor to provide services as an independent contractor guard service.

NOW THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1. Services to be provided. Contractor shall provide professional guard services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities. Contractor shall ensure services are in accordance with Company's general specifications and the requirements held by the operator, lease holder, or landowner as applicable.

In the performance of the services, Contractor shall operate as an independent contractor. Contractor shall control the performance of the details of Contractor's services and shall be responsible for the results. Contractor shall ensure that the performance of the services contemplated by this agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite. Services will be provided in a manner consistent with appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner as may apply.

Contractor shall keep such logs and make such reports as may be required from time-to-time, and provide such other duties as outlined in Exhibit A hereto.

2. Tools, Equipment and Supplies. Contractor shall be responsible, at Contractor's expense, for all vehicles, tools, facilities, lodging, office equipment, fuel, phone service and other materials as may be necessary to carry out the terms of this agreement at the location required. Provided, however, that Company may require certain equipment of Contractor be compatible with Company's. Contractor shall, at Contractor's expense, ensure all equipment used in connection with this agreement is properly maintained and licensed/registered as may be necessary or required.

{C0353849.DOC:1}

**CONFIDENTIAL GGS 010112**

3.  <u>Handgun</u>.  Unless specifically authorized in Exhibit A, Contractor shall not carry a handgun or other firearm while providing services pursuant to his agreement or have any such weapon on site.

4.  <u>Employment of Others</u>.  Contractor may employ others to assist Contractor in carrying out the services required herein provided, however, that before assigning any such person to any duties under this agreement, Contractor receives and/or provides to the Company written confirmation that the person is appropriately licensed to provide security services or properly registered with the Company.

In no event shall Contractor hold itself out as an agent of Company and Contractor does not have authority to hire persons for the Company's behalf.  Contractor shall be solely responsible for any person hired by Contractor, including but not limited to payment of wages, insurance, employment benefits, if any, taxes, etc.  Contractor agrees to indemnify and hold Company harmless from any claim from any person hired by Contractor and who thereafter claims to be an employee of Company.

5.  <u>Self-Employment Taxes</u>.  Contractor acknowledges Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes.  Such taxes may include by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes.

Contractor agrees to indemnify and hold harmless Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by Company to Contractor for services provided pursuant to this Agreement.

6.  <u>Ineligibility for Benefits</u>.  Contractor agrees that the sole benefit to which Contractor is entitled is the cash compensation described in Exhibit A of the Agreement.  Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of Company during the term of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of Company on account of any services provided under the terms of this Agreement, including without limitation any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

7.  <u>ERISA Waiver</u>.  Contractor acknowledges and understands that he intends and desires to work pursuant to this Agreement solely as an independent contractor and not as an employee of Company.  Contractor understands that all benefit plans now or hereafter sponsored by Company are only available to employees of Company and not to other such contractors or independent contractors.  Contractor further understands that the benefits plans are governed by the terms of Employee Retirement Income Security Act (ERISA).

{C0353849.DOC:1}

Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans. With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights or Contractor may have, or later claim to have, with respect to such plans, including without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement. Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA §510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement.

Contractor hereby acknowledges and agrees that Contractors waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and through consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver. Contractor understands that the effect of this Waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of Company.

Contractor agrees to indemnity and hold harmless Company, its officers, directors, trustees, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities that may result from a determination that the Contractor is an employee rather than independent contractor.

8. **Payment.** Payment for all services provided shall be as agreed to between Contractor and the Company for the designated job, as expressed in Exhibit A or any subsequent service order signed by Contractor and Company. The established fee shall be the total amount due for services rendered by Contractor, or any of Contractor's agents or employees.

9. **Workers Compensation.** Pursuant to Subchapter F of the Texas Workers Compensation Act, (§ 406.121, et. seq.) Company and Contractor hereby agree to provide for specific coverage for work related injuries of Contractor or Contractor's employees, if any.

   a. Company, acting as a general Contractor, agrees to provide workers compensation insurance for Contractor, operating as a sub-Contractor, and its employees, if any. Pursuant to Tex. Labor Code § 406.123, Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers compensation insurance.

   b. Payment by Contractor for the premiums associated with the workers compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to article 3.01.a. will be made.

{C0353849.DOC:1}

c. Contractor and Company agree to promptly complete whatever documentation is required by the Texas Workers Compensation Commission.

d. Contractor will notify Company as soon as practical if Contractor hires or assigns employees to provide services under this Agreement to ensure proper notice of workers compensation coverage is provided.

e. Contractor will notify Company of any injury or claim of injury to Contractor or any of its employees.

10. Indemnification of the Company. Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or culpable negligence of Contractor or Contractor's employees or agents related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor, his employees or agents, in activities not related to the business of the Company.

11. Termination. The Company or the Contractor may terminate this Agreement at any time by giving three (3) working days' notice to the other party. In addition, if the Contractor is convicted of any crime or offense, fails or refuses to comply with the policies or reasonable directive of the Company, is guilty of serious misconduct in connection with performance hereunder, or materially breaches provisions of this Agreement the Company at any time any terminate such engagement of the contractor immediately and without prior notice to the Contractor. Upon termination, Company shall have no further obligation to Contractor.

12. Independent Contractor. This Agreement shall not render the Contractor an employee, partner, agent of, or joint venture with the Company for any purpose. Contractor is not an employee or agent of Company and shall not make any representations otherwise. Contractor shall not have authority to and shall not attempt to bind Company in any way with any vendor, client, or their third-party. Contractor shall identify him/her/itself as an independent security service and not an employee of Company.

13. Successor and Assigns. All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successor, and assigns. Contractor may not assign this Agreement without approval of Company.

14. Choice of Law. The laws of the State of Texas shall govern the validity of this Agreement, the construction of its terms and the interpretation of the rights and duties or the parties hereto.

15. Waiver. Waiver by one party hereto of breach of any provision of the Agreement by the other shall not operate or be construed as a continuing waiver.

16. Modification or Amendment. No amendment, change or modification of this Agreement shall be valid unless in writing signed by the parties hereto.

{C0353849.DOC:1}

17. **Entire Understanding.** This document and any exhibit attached constitute the entire understanding and agreement of the parties, and any an all prior agreement, understandings, and representations are hereby terminated and canceled in their entirety and are of no further force and effect.

18. **Unenforceability of Provisions.** If any provision of this agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

IN WITNESS WHEREOF the undersigned have executed this Agreement as of the day and year first written above.

_____
Subcontractor

_____
Gate Guard Services, LP

_____
Date

_____
Date

{C0353849:DOC:1}

CONFIDENTIAL GGS 010116

# EXHIBIT 17

## to Bert Steindorf's Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Agreement is entered into as of this _17th_ day of _August_ _2010_, ~~2008~~, between Gate Guard Services, LP, hereinafter called "the Company" and _____ hereinafter called "Contractor".

WHEREAS, Contractor represents and warrants that he/she/it maintains his/her/its own business operation to provide independent guard services for hire and holds him/her/itself out as an independent contractor for hire;

WHEREAS, Contractor has substantially invested in his/her/its business by obtaining necessary equipment and supplies to carry our Contractor's business enterprises; and

WHEREAS, the Company wishes to engage Contractor to provide services as an independent contractor guard service.

NOW THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1. Services to be provided. Contractor shall provide professional guard services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities. Contractor shall ensure services are in accordance with Company's general specifications and the requirements held by the operator, lease holder, or landowner as applicable.

In the performance of the services, Contractor shall operate as an independent contractor. Contractor shall control the performance of the details of Contractor's services and shall be responsible for the results. Contractor shall ensure that the performance of the services contemplated by this agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite. Services will be provided in a manner consistent with appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner as may apply.

Contractor shall keep such logs and make such reports as may be required from time-to-time, and provide such other duties as outlined in Exhibit A hereto.

2. Tools, Equipment and Supplies. Contractor shall be responsible, at Contractor's expense, for all vehicles, tools, facilities, lodging, office equipment, fuel, phone service and other materials as may be necessary to carry out the terms of this agreement at the location required. Provided, however, that Company may require certain equipment of Contractor be compatible with Company's. Contractor shall, at Contractor's expense, ensure all equipment used in connection with this agreement is properly maintained and licensed/registered as may be necessary or required.

{C0353849.DOC:1}

3, Handgun.  Unless specifically authorized in Exhibit A, Contractor shall not carry a handgun or other firearm while providing services pursuant to his agreement or have any such weapon on site.

4. Employment of Others.  Contractor may employ others to assist Contractor in carrying out the services required herein provided, however, that before assigning any such person to any duties under this agreement, Contractor receives and/or provides to the Company written confirmation that the person is appropriately licensed to provide security services or properly registered with the Company.

In no event shall Contractor hold itself out as an agent of Company and Contractor does not have authority to hire persons for the Company's behalf.  Contractor shall be solely responsible for any person hired by Contractor, including but not limited to payment of wages, insurance, employment benefits, if any, taxes, etc.  Contractor agrees to indemnify and hold Company harmless from any claim from any person hired by Contractor and who thereafter claims to be an employee of Company.

5. Self-Employment Taxes.  Contractor acknowledges Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes.  Such taxes may include by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes.

Contractor agrees to indemnify and hold harmless Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by Company to Contractor for services provided pursuant to this Agreement.

6. Ineligibility for Benefits.  Contractor agrees that the sole benefit to which Contractor is entitled is the cash compensation described in Exhibit A of the Agreement.  Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of Company during the term of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of Company on account of any services provided under the terms of this Agreement, including without limitation any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

7. ERISA Waiver.  Contractor acknowledges and understands that he intends and desires to work pursuant to this Agreement solely as an independent contractor and not as an employee of Company.  Contractor understands that all benefit plans now or hereafter sponsored by Company are only available to employees of Company and not to other such contractors or independent contractors.  Contractor further understands that the benefits plans are governed by the terms of Employee Retirement Income Security Act (ERISA).

{C0353849.DOC:1}

Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans. With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights or Contractor may have, or later claim to have, with respect to such plans, including without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement. Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA §510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement.

Contractor hereby acknowledges and agrees that Contractors waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and through consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver. Contractor understands that the effect of this Waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of Company.

Contractor agrees to indemnity and hold harmless Company, its officers, directors, trustees, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities that may result from a determination that the Contractor is an employee rather than independent contractor.

8. Payment. Payment for all services provided shall be as agreed to between Contractor and the Company for the designated job, as expressed in Exhibit A or any subsequent service order signed by Contractor and Company. The established fee shall be the total amount due for services rendered by Contractor, or any of Contractor's agents or employees.

9. Workers Compensation. Pursuant to Subchapter F of the Texas Workers Compensation Act, (§ 406.121, et. seq.) Company and Contractor hereby agree to provide for specific coverage for work related injuries of Contractor or Contractor's employees, if any.

    a. Company, acting as a general Contractor, agrees to provide workers compensation insurance for Contractor, operating as a sub-Contractor, and its employees, if any. Pursuant to Tex. Labor Code § 406.123, Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers compensation insurance.

    b. Payment by Contractor for the premiums associated with the workers compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to article 3.01.a. will be made.

{C0353849.DOC:1}

c. Contractor and Company agree to promptly complete whatever documentation is required by the Texas Workers Compensation Commission.

d. Contractor will notify Company as soon as practical if Contractor hires or assigns employees to provide services under this Agreement to ensure proper notice of workers compensation coverage is provided.

e. Contractor will notify Company of any injury or claim of injury to Contractor or any of its employees.

10. <u>Indemnification of the Company</u>. Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or culpable negligence of Contractor or Contractor's employees or agents related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor, his employees or agents, in activities not related to the business of the Company.

11. <u>Termination</u>. The Company or the Contractor may terminate this Agreement at any time by giving three (3) working days' notice to the other party. In addition, if the Contractor is convicted of any crime or offense, fails or refuses to comply with the policies or reasonable directive of the Company, is guilty of serious misconduct in connection with performance hereunder, or materially breaches provisions of this Agreement the Company at any time any terminate such engagement of the contractor immediately and without prior notice to the Contractor. Upon termination, Company shall have no further obligation to Contractor.

12. <u>Independent Contractor</u>. This Agreement shall not render the Contractor an employee, partner, agent of, or joint venture with the Company for any purpose. Contractor is not an employee or agent of Company and shall not make any representations otherwise. Contractor shall not have authority to and shall not attempt to bind Company in any way with any vendor, client, or their third-party. Contractor shall identify him/her/itself as an independent security service and not an employee of Company.

13. <u>Successor and Assigns</u>. All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successor, and assigns. Contractor may not assign this Agreement without approval of Company.

14. <u>Choice of Law</u>. The laws of the State of Texas shall govern the validity of this Agreement, the construction of its terms and the interpretation of the rights and duties or the parties hereto.

15. <u>Waiver</u>. Waiver by one party hereto of breach of any provision of the Agreement by the other shall not operate or be construed as a continuing waiver.

16. <u>Modification or Amendment</u>. No amendment, change or modification of this Agreement shall be valid unless in writing signed by the parties hereto.

{C0353849.DOC:1}

17. **Entire Understanding.** This document and any exhibit attached constitute the entire understanding and agreement of the parties, and any an all prior agreement, understandings, and representations are hereby terminated and canceled in their entirety and are of no further force and effect.

18. **Unenforceability of Provisions.** If any provision of this agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

IN WITNESS WHEREOF the undersigned have executed this Agreement as of the day and year first written above.

_Gabrielle M. Badger_
_Subcontractor_

_____
Gate Guard Services, LP

_08/17/10_
Date

_8 17 10_
Date

# EXHIBIT 18

## to Bert Steindorf's Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (the "Agreement") is entered into this *26th* day of *May*, 20*11* by and between Gate Guard Services, LP (the "Company") and *James W. Bailey* ("Contractor").

WHEREAS, Contractor maintains his/her/its own business operation to provide independent gate attendant services for hire; and

WHEREAS, the Company wishes to engage Contractor to provide certain services as an independent contractor.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1.  <u>Independent Contractor Services</u>.  Contractor shall provide gate attendant services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities as described herein.

    a.  The services provided by Contractor include a waiting to be engaged arrangement where the attendant is responsible for opening and closing the gate to the oilfield operation and logging vehicles that enter and depart the gate onto a Traffic Log ("Contractor Services"). The Traffic Logs maintained by Contractor shall be provided to the Company at the conclusion of the oilfield operation. Contractor shall ensure that all Contractor Services are in accordance with the requirements of the clients of Company including the operator, lease holder, or landowner as applicable.

    b.  Contractor shall operate as an independent contractor.  Contractor shall control the performance of the details of Contractor Services and shall be responsible for the results. As such, Contractor may hire individuals to perform the duties described herein. Contractor shall ensure that the performance of the Contractor Services contemplated by this Agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite. Contractor Services will be provided in a manner consistent with the appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner.

    c.  Contractor acknowledges that Contractor may engage in personal activities and pursuits, including sleeping, eating, reading, watching television, household chores, or any other legal personal activity Contractor may choose, when not performing the Contractor Services set forth above.  Contractor also acknowledges that such personal activities may comprise the majority of Contractor's time spent waiting to be engaged to perform the Contractor Services set forth above.  Finally, Contractor acknowledges and agrees, as more fully set forth below in Paragraph 2, that such personal activities are not compensable. Contractor agrees that Contractor will be paid only for time spent opening and closing the gate and logging in vehicles.

2.     Payments to Contractor. The Company shall pay Contractor $____ per day for each day Contractor performs Contractor Services which consist of opening and closing the gate and for logging vehicles entering and departing the gate. Contractor shall not be compensated for time spent waiting to be engaged to perform the Contractor Services. Contractor shall not be compensated for time spent pursuing personal activities, including time spent sleeping, eating or engaging in any other personal activities as set forth in Paragraph 1(c).

3.     Termination. The Company or Contractor may terminate this Agreement at any time by providing three (3) days notice to the other party without cause. Company may terminate this Agreement without notice for cause. Cause shall be defined as a felony conviction, failure to comply with the terms of this Agreement or the instructions of oilfield operator, leaseholder or landowner. Upon termination, the Company shall have no further obligation to Contractor.

4.     Contractor's Performance of Services for Others. Contractor and the Company hereby acknowledge and agree that Contractor may, at any time, perform services for any other entity, including services similar to Contractor Services provided to the Company.

5.     Tools and Equipment. Contractor shall be responsible, at Contractor's sole expense, for all vehicles, tools, facilities, lodging, office equipment, fuel for Contractor's vehicle and propane for Contractor's trailer/recreational vehicle/camper, phone service and other materials as may be necessary to carry out the terms of this Agreement. Contractor shall, at Contractor's sole expense, ensure that all equipment used in connection with this Agreement is properly maintained and licensed/registered as may be necessary or required. Contractor shall purchase a vest and/or shirt which identify Contractor as a Contractor of the Company. While Contractor is performing Contractor Services for the Company, the Company shall provide a generator and fuel for the generator and septic tank for Contractor's use. The Company will retrieve the generator and septic tank at the conclusion of the oilfield operation.

6.     Assignment of Contractor Services to Others. Contractor may employ or assign others to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 above. Contractor shall not hold him/her/itself out as an agent of the Company and Contractor does not have the authority to hire persons on the Company's behalf. Contractor shall be solely responsible for any person employed or assigned by Contractor to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 of this Agreement, including but not limited to payment for services, payment of wages, insurance, employment benefits, taxes, or any other types of payments due or made to such other person. Contractor agrees to indemnify and hold the Company harmless from any claim by any person hired by Contractor and who thereafter claims to be an employee of the Company.

7.     Independent Contractor Status (No employment). This Agreement shall not render the Contractor an employee, partner, agent, or joint venture with the Company for any purpose. Contractor is not an employee or agent of the Company and shall not make any representations otherwise. Contractor shall not have the authority to and shall not attempt to bind the Company in any way with any vendor, client, or third-party. Contractor shall identify him/her/itself as an independent contractor company and not an employee of the Company.

CONFIDENTIAL GGS 006978

8.     Self-Employment Taxes.  Contractor acknowledges that Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes.  Such taxes may include, by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes.  Contractor agrees to indemnify and hold harmless the Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by the Company to Contractor for services provided pursuant to this Agreement.

9.     Ineligibility for Benefits.  Contractor agrees that the sole benefit to which Contractor is entitled is the compensation set forth in Paragraph 2 of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of the Company during the term of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of the Company on account of any services provided under the terms of this Agreement, including, without limitation, any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

10.     ERISA Waiver.  Contractor understands that all benefit plans now or hereafter sponsored by the Company are only available to employees of the Company and not to Contractor. Contractor further understands that the benefits plans are governed by the terms of the Employee Retirement Income Security Act (ERISA).  Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans.  With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights Contractor may have, or later claim to have, with respect to such plans, including, without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement.  Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to the Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA § 510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement.  Contractor hereby acknowledges and agrees that Contractor's waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and thorough consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver.  Contractor understands that the effect of this waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to the Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of the Company.

3

**CONFIDENTIAL GGS 006979**

11.  <u>Workers' Compensation</u>.  Pursuant to Subchapter F of the Texas Workers Compensation Act, § 401.121, et seq.:

    a.  The Company, acting as a general contractor, agrees to provide workers' compensation insurance for Contractor, operating as a sub-contractor, and its employees, if any.  Pursuant to Texas Labor Code § 406.123, the Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers' compensation insurance.

    b.  Payment by Contractor for the premiums associated with the workers' compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to Paragraph 2 will be made.

    c.  Contractor and the Company agree to promptly complete any documentation required by the Texas Workers' Compensation Commission.

    d.  Contractor will notify the Company as soon as practical if Contractor hires or assigns another person to provide Contractor's Services under this Agreement to ensure proper notice of workers' compensation coverage is provided.

    e.  Contractor will notify the Company of any injury or claim of injury to Contractor or any of its employees or contractors.

12.  <u>Acknowledgements</u>.  In the event that, contrary to the express intent of the parties hereto, a Court or governmental agency deems Contractor to be an employee rather than an independent contractor of the Company, Contractor hereby acknowledges and agrees that Contractor has been retained to perform only those Contractor Services set forth in Paragraph 1 above.  Contractor further acknowledges and agrees that, during an assignment for the Company, Contractor is often waiting to be engaged to perform the Contractor Services, and that during such time Contractor is free to engage in personal activities.  Contractor acknowledges and agrees that Contractor is not compensated for time spent waiting to be engaged to perform Contractor Services, or for any other time during which Contractor is not performing Contractor Services, including, without limitation, time spent sleeping, eating or engaging in personal activities or pursuits.

13.  <u>Indemnification of The Company</u>.  Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or negligence of Contractor or Contractor's employees, agents or contractors related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor or Contractor's employees, agents or contractors, in activities not related to the business of the Company.

14.  <u>Successors and Assigns</u>.  All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successors and

4

CONFIDENTIAL GGS 006980

assigns. Contractor may not assign this Agreement without the written approval of the Company.

15. <u>Choice of Law</u>. The laws of the State of Texas shall govern the validity and construction of the terms of this Agreement, and the interpretation of the rights and duties of the parties hereto.

16. <u>Waiver</u>. Waiver by one party hereto of a breach of any provision of this Agreement by the other shall not operate or be construed as constituting a waiver.

17. <u>Modification or Amendment</u>. No amendment, change or modification of this Agreement shall be valid unless in writing and signed by the parties hereto.

18. <u>Entire Agreement</u>. This Agreement constitutes the entire understanding and agreement of the parties, and any and all prior agreements, understandings, and representations are hereby terminated, canceled in their entirety, and are of no further force and effect.

19. <u>Unenforceability of Provisions</u>. If any provision of this Agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

20. <u>Notices</u>. Any notice required or permitted to be given under this Agreement shall be sufficient if in writing and sent by certified mail or hand-delivery to:

CONTRACTOR:

James W Bailey
1925 Sumner
Pampa, TX 79065

THE COMPANY:

Gate Guard Services, LP
Attn: Bert Steindorf
4646 Corona Drive, Suite 163
Corpus Christi, TX 78411

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the day and year first written above.

| | |
|---|---|
| _James W Bailey_ | _B. Steindorf_ |
| Contractor | Gate Guard Services, LP |
| _5/20/2011_ | |
| Date | Date |

5

CONFIDENTIAL GGS 006981

# EXHIBIT 19

# to Bert Steindorf's
# Declaration

# INDELLENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (the "Agreement") is entered into this _5ᵗʰ_ day of _January_, 20_11_, by and between Gate Guard Services, LP (the "Company") and _Lynette Bailey_ ("Contractor").

WHEREAS, Contractor maintains his/her/its own business operation to provide independent gate attendant services for hire; and

WHEREAS, the Company wishes to engage Contractor to provide certain services as an independent contractor.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1.  <u>Independent Contractor Services</u>. Contractor shall provide gate attendant services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities as described herein.

    a.      The services provided by Contractor include a waiting to be engaged arrangement where the attendant is responsible for opening and closing the gate to the oilfield operation and logging vehicles that enter and depart the gate onto a Traffic Log ("Contractor Services"). The Traffic Logs maintained by Contractor shall be provided to the Company at the conclusion of the oilfield operation. Contractor shall ensure that all Contractor Services are in accordance with the requirements of the clients of Company including the operator, lease holder, or landowner as applicable.

    b.      Contractor shall operate as an independent contractor. Contractor shall control the performance of the details of Contractor Services and shall be responsible for the results. As such, Contractor may hire individuals to perform the duties described herein. Contractor shall ensure that the performance of the Contractor Services contemplated by this Agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite. Contractor Services will be provided in a manner consistent with the appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner.

    c.      Contractor acknowledges that Contractor may engage in personal activities and pursuits, including sleeping, eating, reading, watching television, household chores, or any other legal personal activity Contractor may choose, when not performing the Contractor Services set forth above. Contractor also acknowledges that such personal activities may comprise the majority of Contractor's time spent waiting to be engaged to perform the Contractor Services set forth above. Finally, Contractor acknowledges and agrees, as more fully set forth below in Paragraph 2, that such personal activities are not compensable. Contractor agrees that Contractor will be paid only for time spent opening and closing the gate and logging in vehicles.

2.   Payments to Contractor. The Company shall pay Contractor $ 125 per day for each day Contractor performs Contractor Services which consist of opening and closing the gate and for logging vehicles entering and departing the gate. Contractor shall not be compensated for time spent waiting to be engaged to perform the Contractor Services. Contractor shall not be compensated for time spent pursuing personal activities, including time spent sleeping, eating or engaging in any other personal activities as set forth in Paragraph 1(c).

3.   Termination. The Company or Contractor may terminate this Agreement at any time by providing three (3) days notice to the other party without cause. Company may terminate this Agreement without notice for cause. Cause shall be defined as a felony conviction, failure to comply with the terms of this Agreement or the instructions of oilfield operator, leaseholder or landowner. Upon termination, the Company shall have no further obligation to Contractor.

4.   Contractor's Performance of Services for Others. Contractor and the Company hereby acknowledge and agree that Contractor may, at any time, perform services for any other entity, including services similar to Contractor Services provided to the Company.

5.   Tools and Equipment. Contractor shall be responsible, at Contractor's sole expense, for all vehicles, tools, facilities, lodging, office equipment, fuel for Contractor's vehicle and propane for Contractor's trailer/recreational vehicle/camper, phone service and other materials as may be necessary to carry out the terms of this Agreement. Contractor shall, at Contractor's sole expense, ensure that all equipment used in connection with this Agreement is properly maintained and licensed/registered as may be necessary or required. Contractor shall purchase a vest and/or shirt which identify Contractor as a Contractor of the Company. While Contractor is performing Contractor Services for the Company, the Company shall provide a generator and fuel for the generator and septic tank for Contractor's use. The Company will retrieve the generator and septic tank at the conclusion of the oilfield operation.

6.   Assignment of Contractor Services to Others. Contractor may employ or assign others to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 above. Contractor shall not hold him/her/itself out as an agent of the Company and Contractor does not have the authority to hire persons on the Company's behalf. Contractor shall be solely responsible for any person employed or assigned by Contractor to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 of this Agreement, including but not limited to payment for services, payment of wages, insurance, employment benefits, taxes, or any other types of payments due or made to such other person. Contractor agrees to indemnify and hold the Company harmless from any claim by any person hired by Contractor and who thereafter claims to be an employee of the Company.

7.   Independent Contractor Status (No employment). This Agreement shall not render the Contractor an employee, partner, agent, or joint venture with the Company for any purpose. Contractor is not an employee or agent of the Company and shall not make any representations otherwise. Contractor shall not have the authority to and shall not attempt to bind the Company in any way with any vendor, client, or third-party. Contractor shall identify him/her/itself as an independent contractor company and not an employee of the Company.

GGS 001872

8.   Self-Employment Taxes.  Contractor acknowledges that Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes.  Such taxes may include, by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes.  Contractor agrees to indemnify and hold harmless the Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by the Company to Contractor for services provided pursuant to this Agreement.

9.   Ineligibility for Benefits.  Contractor agrees that the sole benefit to which Contractor is entitled is the compensation set forth in Paragraph 2 of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of the Company during the term of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of the Company on account of any services provided under the terms of this Agreement, including, without limitation, any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

10.   ERISA Waiver.  Contractor understands that all benefit plans now or hereafter sponsored by the Company are only available to employees of the Company and not to Contractor.  Contractor further understands that the benefits plans are governed by the terms of the Employee Retirement Income Security Act (ERISA).  Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans.  With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights Contractor may have, or later claim to have, with respect to such plans, including, without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement.  Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to the Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA § 510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement.  Contractor hereby acknowledges and agrees that Contractor's waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and thorough consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver.  Contractor understands that the effect of this waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to the Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of the Company.

3

11.   Workers' Compensation.  Pursuant to Subchapter F of the Texas Workers Compensation Act, § 401.121, et seq.:

   a.   The Company, acting as a general contractor, agrees to provide workers' compensation insurance for Contractor, operating as a sub-contractor, and its employees, if any.  Pursuant to Texas Labor Code § 406.123, the Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers' compensation insurance.

   b.   Payment by Contractor for the premiums associated with the workers' compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to Paragraph 2 will be made.

   c.   Contractor and the Company agree to promptly complete any documentation required by the Texas Workers' Compensation Commission.

   d.   Contractor will notify the Company as soon as practical if Contractor hires or assigns another person to provide Contractor's Services under this Agreement to ensure proper notice of workers' compensation coverage is provided.

   e.   Contractor will notify the Company of any injury or claim of injury to Contractor or any of its employees or contractors.

12.   Acknowledgements.  In the event that, contrary to the express intent of the parties hereto, a Court or governmental agency deems Contractor to be an employee rather than an independent contractor of the Company, Contractor hereby acknowledges and agrees that Contractor has been retained to perform only those Contractor Services set forth in Paragraph 1 above.  Contractor further acknowledges and agrees that, during an assignment for the Company, Contractor is often waiting to be engaged to perform the Contractor Services, and that during such time Contractor is free to engage in personal activities.  Contractor acknowledges and agrees that Contractor is not compensated for time spent waiting to be engaged to perform Contractor Services, or for any other time during which Contractor is not performing Contractor Services, including, without limitation, time spent sleeping, eating or engaging in personal activities or pursuits.

13.   Indemnification of The Company.  Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or negligence of Contractor or Contractor's employees, agents or contractors related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor or Contractor's employees, agents or contractors, in activities not related to the business of the Company.

14.   Successors and Assigns.  All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successors and

4

GGS 001874

assigns. Contractor may not assign this Agreement without the written approval of the Company.

15. <u>Choice of Law</u>. The laws of the State of Texas shall govern the validity and construction of the terms of this Agreement, and the interpretation of the rights and duties of the parties hereto.

16. <u>Waiver</u>. Waiver by one party hereto of a breach of any provision of this Agreement by the other shall not operate or be construed as constituting a waiver.

17. <u>Modification or Amendment</u>. No amendment, change or modification of this Agreement shall be valid unless in writing and signed by the parties hereto.

18. <u>Entire Agreement</u>. This Agreement constitutes the entire understanding and agreement of the parties, and any and all prior agreements, understandings, and representations are hereby terminated, canceled in their entirety, and are of no further force and effect.

19. <u>Unenforceability of Provisions</u>. If any provision of this Agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

20. <u>Notices</u>. Any notice required or permitted to be given under this Agreement shall be sufficient if in writing and sent by certified mail or hand-delivery to:

CONTRACTOR:

Lynette Bailey
410 PR 553
Hondo, TX 78861

THE COMPANY:

Gate Guard Services, LP
Attn: Bert Steindorf
4646 Corona Drive, Suite 163
Corpus Christi, TX 78411

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the day and year first written above.

_Lynette Bailey_
Contractor

_[signature]_
Gate Guard Services, LP

_1-5-11_
Date

_1-5-11_
Date

5

GGS 001875

# EXHIBIT 20

## to Bert Steindorf's Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (the "Agreement") is entered into this ___ day of _____, 20__, by and between Gate Guard Services, LP (the "Company") and *Marilyn A. Baily* ("Contractor").

WHEREAS, Contractor maintains his/her/its own business operation to provide independent gate attendant services for hire; and

WHEREAS, the Company wishes to engage Contractor to provide certain services as an independent contractor.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1.      Independent Contractor Services.  Contractor shall provide gate attendant services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities as described herein.

        a.      The services provided by Contractor include a waiting to be engaged arrangement where the attendant is responsible for opening and closing the gate to the oilfield operation and logging vehicles that enter and depart the gate onto a Traffic Log ("Contractor Services").  The Traffic Logs maintained by Contractor shall be provided to the Company at the conclusion of the oilfield operation.  Contractor shall ensure that all Contractor Services are in accordance with the requirements of the clients of Company including the operator, lease holder, or landowner as applicable.

        b.      Contractor shall operate as an independent contractor.  Contractor shall control the performance of the details of Contractor Services and shall be responsible for the results.  As such, Contractor may hire individuals to perform the duties described herein.  Contractor shall ensure that the performance of the Contractor Services contemplated by this Agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite.  Contractor Services will be provided in a manner consistent with the appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner.

        c.      Contractor acknowledges that Contractor may engage in personal activities and pursuits, including sleeping, eating, reading, watching television, household chores, or any other legal personal activity Contractor may choose, when not performing the Contractor Services set forth above.  Contractor also acknowledges that such personal activities may comprise the majority of Contractor's time spent waiting to be engaged to perform the Contractor Services set forth above.  Finally, Contractor acknowledges and agrees, as more fully set forth below in Paragraph 2, that such personal activities are not compensable.  Contractor agrees that Contractor will be paid only for time spent opening and closing the gate and logging in vehicles.

CONFIDENTIAL GGS 006982

2. <u>Payments to Contractor</u>. The Company shall pay Contractor \$\_\_\_\_ per day for each day Contractor performs Contractor Services which consist of opening and closing the gate and for logging vehicles entering and departing the gate. Contractor shall not be compensated for time spent waiting to be engaged to perform the Contractor Services. Contractor shall not be compensated for time spent pursuing personal activities, including time spent sleeping, eating or engaging in any other personal activities as set forth in Paragraph 1(c).

3. <u>Termination</u>. The Company or Contractor may terminate this Agreement at any time by providing three (3) days notice to the other party without cause. Company may terminate this Agreement without notice for cause. Cause shall be defined as a felony conviction, failure to comply with the terms of this Agreement or the instructions of oilfield operator, leaseholder or landowner. Upon termination, the Company shall have no further obligation to Contractor.

4. <u>Contractor's Performance of Services for Others</u>. Contractor and the Company hereby acknowledge and agree that Contractor may, at any time, perform services for any other entity, including services similar to Contractor Services provided to the Company.

5. <u>Tools and Equipment</u>. Contractor shall be responsible, at Contractor's sole expense, for all vehicles, tools, facilities, lodging, office equipment, fuel for Contractor's vehicle and propane for Contractor's trailer/recreational vehicle/camper, phone service and other materials as may be necessary to carry out the terms of this Agreement. Contractor shall, at Contractor's sole expense, ensure that all equipment used in connection with this Agreement is properly maintained and licensed/registered as may be necessary or required. Contractor shall purchase a vest and/or shirt which identify Contractor as a Contractor of the Company. While Contractor is performing Contractor Services for the Company, the Company shall provide a generator and fuel for the generator and septic tank for Contractor's use. The Company will retrieve the generator and septic tank at the conclusion of the oilfield operation.

6. <u>Assignment of Contractor Services to Others</u>. Contractor may employ or assign others to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 above. Contractor shall not hold him/her/itself out as an agent of the Company and Contractor does not have the authority to hire persons on the Company's behalf. Contractor shall be solely responsible for any person employed or assigned by Contractor to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 of this Agreement, including but not limited to payment for services, payment of wages, insurance, employment benefits, taxes, or any other types of payments due or made to such other person. Contractor agrees to indemnify and hold the Company harmless from any claim by any person hired by Contractor and who thereafter claims to be an employee of the Company.

7. <u>Independent Contractor Status (No employment)</u>. This Agreement shall not render the Contractor an employee, partner, agent, or joint venture with the Company for any purpose. Contractor is not an employee or agent of the Company and shall not make any representations otherwise. Contractor shall not have the authority to and shall not attempt to bind the Company in any way with any vendor, client, or third-party. Contractor shall identify him/her/itself as an independent contractor company and not an employee of the Company.

CONFIDENTIAL GGS 006983

8.   Self-Employment Taxes. Contractor acknowledges that Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes. Such taxes may include, by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes. Contractor agrees to indemnify and hold harmless the Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by the Company to Contractor for services provided pursuant to this Agreement.

9.   Ineligibility for Benefits. Contractor agrees that the sole benefit to which Contractor is entitled is the compensation set forth in Paragraph 2 of this Agreement. Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of the Company during the term of this Agreement. Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of the Company on account of any services provided under the terms of this Agreement, including, without limitation, any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

10.   ERISA Waiver. Contractor understands that all benefit plans now or hereafter sponsored by the Company are only available to employees of the Company and not to Contractor. Contractor further understands that the benefits plans are governed by the terms of the Employee Retirement Income Security Act (ERISA). Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans. With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights Contractor may have, or later claim to have, with respect to such plans, including, without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement. Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to the Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA § 510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement. Contractor hereby acknowledges and agrees that Contractor's waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and thorough consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver. Contractor understands that the effect of this waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to the Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of the Company.

CONFIDENTIAL GGS 006984

11.   Workers' Compensation.  Pursuant to Subchapter F of the Texas Workers Compensation Act, § 401.121, et seq.:

    a.   The Company, acting as a general contractor, agrees to provide workers' compensation insurance for Contractor, operating as a sub-contractor, and its employees, if any.  Pursuant to Texas Labor Code § 406.123, the Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers' compensation insurance.

    b.   Payment by Contractor for the premiums associated with the workers' compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to Paragraph 2 will be made.

    c.   Contractor and the Company agree to promptly complete any documentation required by the Texas Workers' Compensation Commission.

    d.   Contractor will notify the Company as soon as practical if Contractor hires or assigns another person to provide Contractor's Services under this Agreement to ensure proper notice of workers' compensation coverage is provided.

    e.   Contractor will notify the Company of any injury or claim of injury to Contractor or any of its employees or contractors.

12.   Acknowledgements.  In the event that, contrary to the express intent of the parties hereto, a Court or governmental agency deems Contractor to be an employee rather than an independent contractor of the Company, Contractor hereby acknowledges and agrees that Contractor has been retained to perform only those Contractor Services set forth in Paragraph 1 above.  Contractor further acknowledges and agrees that, during an assignment for the Company, Contractor is often waiting to be engaged to perform the Contractor Services, and that during such time Contractor is free to engage in personal activities.  Contractor acknowledges and agrees that Contractor is not compensated for time spent waiting to be engaged to perform Contractor Services, or for any other time during which Contractor is not performing Contractor Services, including, without limitation, time spent sleeping, eating or engaging in personal activities or pursuits.

13.   Indemnification of The Company.  Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or negligence of Contractor or Contractor's employees, agents or contractors related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor or Contractor's employees, agents or contractors, in activities not related to the business of the Company.

14.   Successors and Assigns.  All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successors and

4

CONFIDENTIAL GGS 006985

assigns. Contractor may not assign this Agreement without the written approval of the Company.

15.  Choice of Law. The laws of the State of Texas shall govern the validity and construction of the terms of this Agreement, and the interpretation of the rights and duties of the parties hereto.

16.  Waiver. Waiver by one party hereto of a breach of any provision of this Agreement by the other shall not operate or be construed as constituting a waiver.

17.  Modification or Amendment. No amendment, change or modification of this Agreement shall be valid unless in writing and signed by the parties hereto.

18.  Entire Agreement. This Agreement constitutes the entire understanding and agreement of the parties, and any and all prior agreements, understandings, and representations are hereby terminated, canceled in their entirety, and are of no further force and effect.

19.  Unenforceability of Provisions. If any provision of this Agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

20.  Notices. Any notice required or permitted to be given under this Agreement shall be sufficient if in writing and sent by certified mail or hand-delivery to:

CONTRACTOR:

*Marilyn R. Bailey*

THE COMPANY:

Gate Guard Services, LP
Attn: Bert Steindorf
4646 Corona Drive, Suite 163
Corpus Christi, TX 78411

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the day and year first written above.

*Marilyn R. Bailey*
Contractor

*B. Steindorf*
Gate Guard Services, LP

_____
Date

_____
Date

5

CONFIDENTIAL GGS 006986

# EXHIBIT 21

## to Bert Steindorf's Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (the "Agreement") is entered into this ____ day of
_____, 20__, by and between Gate Guard Services, LP (the "Company")
and _____ ("Contractor").

WHEREAS, Contractor maintains his/her/its own business operation to provide independent gate attendant services for hire; and

WHEREAS, the Company wishes to engage Contractor to provide certain services as an independent contractor.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1.      Independent Contractor Services.  Contractor shall provide gate attendant services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities as described herein.

   a.      The services provided by Contractor include a waiting to be engaged arrangement where the attendant is responsible for opening and closing the gate to the oilfield operation and logging vehicles that enter and depart the gate onto a Traffic Log ("Contractor Services"). The Traffic Logs maintained by Contractor shall be provided to the Company at the conclusion of the oilfield operation.  Contractor shall ensure that all Contractor Services are in accordance with the requirements of the clients of Company including the operator, lease holder, or landowner as applicable.

   b.      Contractor shall operate as an independent contractor.  Contractor shall control the performance of the details of Contractor Services and shall be responsible for the results.  As such, Contractor may hire individuals to perform the duties described herein.  Contractor shall ensure that the performance of the Contractor Services contemplated by this Agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite.  Contractor Services will be provided in a manner consistent with the appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner.

   c.      Contractor acknowledges that Contractor may engage in personal activities and pursuits, including sleeping, eating, reading, watching television, household chores, or any other legal personal activity Contractor may choose, when not performing the Contractor Services set forth above.  Contractor also acknowledges that such personal activities may comprise the majority of Contractor's time spent waiting to be engaged to perform the Contractor Services set forth above.  Finally, Contractor acknowledges and agrees, as more fully set forth below in Paragraph 2, that such personal activities are not compensable.  Contractor agrees that Contractor will be paid only for time spent opening and closing the gate and logging in vehicles.

2.    Payments to Contractor.  The Company shall pay Contractor $____ per day for each day Contractor performs Contractor Services which consist of opening and closing the gate and for logging vehicles entering and departing the gate.  Contractor shall not be compensated for time spent waiting to be engaged to perform the Contractor Services.  Contractor shall not be compensated for time spent pursuing personal activities, including time spent sleeping, eating or engaging in any other personal activities as set forth in Paragraph 1(c).

3.    Termination.  The Company or Contractor may terminate this Agreement at any time by providing three (3) days notice to the other party without cause.  Company may terminate this Agreement without notice for cause.  Cause shall be defined as a felony conviction, failure to comply with the terms of this Agreement or the instructions of oilfield operator, leaseholder or landowner. Upon termination, the Company shall have no further obligation to Contractor.

4.    Contractor's Performance of Services for Others.  Contractor and the Company hereby acknowledge and agree that Contractor may, at any time, perform services for any other entity, including services similar to Contractor Services provided to the Company.

5.    Tools and Equipment.  Contractor shall be responsible, at Contractor's sole expense, for all vehicles, tools, facilities, lodging, office equipment, fuel for Contractor's vehicle and propane for Contractor's trailer/recreational vehicle/camper, phone service and other materials as may be necessary to carry out the terms of this Agreement.  Contractor shall, at Contractor's sole expense, ensure that all equipment used in connection with this Agreement is properly maintained and licensed/registered as may be necessary or required. Contractor shall purchase a vest and/or shirt which identify Contractor as a Contractor of the Company.  While Contractor is performing Contractor Services for the Company, the Company shall provide a generator and fuel for the generator and septic tank for Contractor's use.  The Company will retrieve the generator and septic tank at the conclusion of the oilfield operation.

6.    Assignment of Contractor Services to Others.  Contractor may employ or assign others to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 above.  Contractor shall not hold him/her/itself out as an agent of the Company and Contractor does not have the authority to hire persons on the Company's behalf.  Contractor shall be solely responsible for any person employed or assigned by Contractor to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 of this Agreement, including but not limited to payment for services, payment of wages, insurance, employment benefits, taxes, or any other types of payments due or made to such other person.  Contractor agrees to indemnify and hold the Company harmless from any claim by any person hired by Contractor and who thereafter claims to be an employee of the Company.

7.    Independent Contractor Status (No employment).  This Agreement shall not render the Contractor an employee, partner, agent, or joint venture with the Company for any purpose.  Contractor is not an employee or agent of the Company and shall not make any representations otherwise.  Contractor shall not have the authority to and shall not attempt to bind the Company in any way with any vendor, client, or third-party.  Contractor shall identify him/her/itself as an independent contractor company and not an employee of the Company.

2

CONFIDENTIAL GGS 006988

8.    Self-Employment Taxes.  Contractor acknowledges that Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes.  Such taxes may include, by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes.  Contractor agrees to indemnify and hold harmless the Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by the Company to Contractor for services provided pursuant to this Agreement.

9.    Ineligibility for Benefits.  Contractor agrees that the sole benefit to which Contractor is entitled is the compensation set forth in Paragraph 2 of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of the Company during the term of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of the Company on account of any services provided under the terms of this Agreement, including, without limitation, any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

10.    ERISA Waiver.  Contractor understands that all benefit plans now or hereafter sponsored by the Company are only available to employees of the Company and not to Contractor. Contractor further understands that the benefits plans are governed by the terms of the Employee Retirement Income Security Act (ERISA).  Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans.  With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights Contractor may have, or later claim to have, with respect to such plans, including, without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement.  Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to the Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA § 510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement. Contractor hereby acknowledges and agrees that Contractor's waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and thorough consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver.  Contractor understands that the effect of this waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to the Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of the Company.

CONFIDENTIAL GGS 006989

11. <u>Workers' Compensation</u>. Pursuant to Subchapter F of the Texas Workers Compensation Act, § 401.121, et seq.:

    a.    The Company, acting as a general contractor, agrees to provide workers' compensation insurance for Contractor, operating as a sub-contractor, and its employees, if any. Pursuant to Texas Labor Code § 406.123, the Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers' compensation insurance.

    b.    Payment by Contractor for the premiums associated with the workers' compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to Paragraph 2 will be made.

    c.    Contractor and the Company agree to promptly complete any documentation required by the Texas Workers' Compensation Commission.

    d.    Contractor will notify the Company as soon as practical if Contractor hires or assigns another person to provide Contractor's Services under this Agreement to ensure proper notice of workers' compensation coverage is provided.

    e.    Contractor will notify the Company of any injury or claim of injury to Contractor or any of its employees or contractors.

12. <u>Acknowledgements</u>. In the event that, contrary to the express intent of the parties hereto, a Court or governmental agency deems Contractor to be an employee rather than an independent contractor of the Company, Contractor hereby acknowledges and agrees that Contractor has been retained to perform only those Contractor Services set forth in Paragraph 1 above. Contractor further acknowledges and agrees that, during an assignment for the Company, Contractor is often waiting to be engaged to perform the Contractor Services, and that during such time Contractor is free to engage in personal activities. Contractor acknowledges and agrees that Contractor is not compensated for time spent waiting to be engaged to perform Contractor Services, or for any other time during which Contractor is not performing Contractor Services, including, without limitation, time spent sleeping, eating or engaging in personal activities or pursuits.

13. <u>Indemnification of The Company</u>. Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or negligence of Contractor or Contractor's employees, agents or contractors related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor or Contractor's employees, agents or contractors, in activities not related to the business of the Company.

14. <u>Successors and Assigns</u>. All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successors and

4

CONFIDENTIAL GGS 006990

assigns. Contractor may not assign this Agreement without the written approval of the Company.

15.    Choice of Law. The laws of the State of Texas shall govern the validity and construction of the terms of this Agreement, and the interpretation of the rights and duties of the parties hereto.

16.    Waiver. Waiver by one party hereto of a breach of any provision of this Agreement by the other shall not operate or be construed as constituting a waiver.

17.    Modification or Amendment. No amendment, change or modification of this Agreement shall be valid unless in writing and signed by the parties hereto.

18.    Entire Agreement. This Agreement constitutes the entire understanding and agreement of the parties, and any and all prior agreements, understandings, and representations are hereby terminated, canceled in their entirety, and are of no further force and effect.

19.    Unenforceability of Provisions. If any provision of this Agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

20.    Notices. Any notice required or permitted to be given under this Agreement shall be sufficient if in writing and sent by certified mail or hand-delivery to:

CONTRACTOR:

_____
_____
_____

THE COMPANY:

Gate Guard Services, LP
Attn: Bert Steindorf
4646 Corona Drive, Suite 163
Corpus Christi, TX 78411

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the day and year first written above.

_____          _____
Contractor                                               Gate Guard Services, LP

_____          _____
Date                                                        Date

5

CONFIDENTIAL GGS 006991

# EXHIBIT 22

# to Bert Steindorf's Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Agreement is entered into as of this _21_ day of _September_ 2008, between Gate Guard Services, LP, hereinafter called "the Company" and _Bonnie Basser_ hereinafter called "Contractor".

WHEREAS, Contractor represents and warrants that he/she/it maintains his/her/its own business operation to provide independent guard services for hire and holds him/her/itself out as an independent contractor for hire;

WHEREAS, Contractor has substantially invested in his/her/its business by obtaining necessary equipment and supplies to carry our Contractor's business enterprises; and

WHEREAS, the Company wishes to engage Contractor to provide services as an independent contractor guard service.

NOW THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1. Services to be provided. Contractor shall provide professional guard services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities. Contractor shall ensure services are in accordance with Company's general specifications and the requirements held by the operator, lease holder, or landowner as applicable.

In the performance of the services, Contractor shall operate as an independent contractor. Contractor shall control the performance of the details of Contractor's services and shall be responsible for the results. Contractor shall ensure that the performance of the services contemplated by this agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite. Services will be provided in a manner consistent with appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner as may apply.

Contractor shall keep such logs and make such reports as may be required from time-to-time, and provide such other duties as outlined in Exhibit A hereto.

2. Tools, Equipment and Supplies. Contractor shall be responsible, at Contractor's expense, for all vehicles, tools, facilities, lodging, office equipment, fuel, phone service and other materials as may be necessary to carry out the terms of this agreement at the location required. Provided, however, that Company may require certain equipment of Contractor be compatible with Company's. Contractor shall, at Contractor's expense, ensure all equipment used in connection with this agreement is properly maintained and licensed/registered as may be necessary or required.

{C0353849.DOC:1}

CONFIDENTIAL GGS 009022

3. Handgun. Unless specifically authorized in Exhibit A, Contractor shall not carry a handgun or other firearm while providing services pursuant to his agreement or have any such weapon on site.

4. Employment of Others. Contractor may employ others to assist Contractor in carrying out the services required herein provided, however, that before assigning any such person to any duties under this agreement, Contractor receives and/or provides to the Company written confirmation that the person is appropriately licensed to provide security services or properly registered with the Company.

In no event shall Contractor hold itself out as an agent of Company and Contractor does not have authority to hire persons for the Company's behalf. Contractor shall be solely responsible for any person hired by Contractor, including but not limited to payment of wages, insurance, employment benefits, if any, taxes, etc. Contractor agrees to indemnify and hold Company harmless from any claim from any person hired by Contractor and who thereafter claims to be an employee of Company.

5. Self-Employment Taxes. Contractor acknowledges Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes. Such taxes may include by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes.

Contractor agrees to indemnify and hold harmless Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by Company to Contractor for services provided pursuant to this Agreement.

6. Ineligibility for Benefits. Contractor agrees that the sole benefit to which Contractor is entitled is the cash compensation described in Exhibit A of the Agreement. Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of Company during the term of this Agreement. Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of Company on account of any services provided under the terms of this Agreement, including without limitation any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

7. ERISA Waiver. Contractor acknowledges and understands that he intends and desires to work pursuant to this Agreement solely as an independent contractor and not as an employee of Company. Contractor understands that all benefit plans now or hereafter sponsored by Company are only available to employees of Company and not to other such contractors or independent contractors. Contractor further understands that the benefits plans are governed by the terms of Employee Retirement Income Security Act (ERISA).

{C0353849.DOC;1}

CONFIDENTIAL GGS 009023

Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans. With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights or Contractor may have, or later claim to have, with respect to such plans, including without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement. Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA §510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement.

Contractor hereby acknowledges and agrees that Contractors waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and through consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver. Contractor understands that the effect of this Waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of Company.

Contractor agrees to indemnity and hold harmless Company, its officers, directors, trustees, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities that may result from a determination that the Contractor is an employee rather than independent contractor.

8. **Payment.** Payment for all services provided shall be as agreed to between Contractor and the Company for the designated job, as expressed in Exhibit A or any subsequent service order signed by Contractor and Company. The established fee shall be the total amount due for services rendered by Contractor, or any of Contractor's agents or employees.

9. **Workers Compensation.** Pursuant to Subchapter F of the Texas Workers Compensation Act, (§ 406.121, et. seq.) Company and Contractor hereby agree to provide for specific coverage for work related injuries of Contractor or Contractor's employees, if any.

   a. Company, acting as a general Contractor, agrees to provide workers compensation insurance for Contractor, operating as a sub-Contractor, and its employees, if any. Pursuant to Tex. Labor Code § 406.123, Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers compensation insurance.

   b. Payment by Contractor for the premiums associated with the workers compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to article 3.01.a. will be made.

{C0353849.DOC:1}

CONFIDENTIAL GGS 009024

c. Contractor and Company agree to promptly complete whatever documentation is required by the Texas Workers Compensation Commission.

d. Contractor will notify Company as soon as practical if Contractor hires or assigns employees to provide services under this Agreement to ensure proper notice of workers compensation coverage is provided.

e. Contractor will notify Company of any injury or claim of injury to Contractor or any of its employees.

10. Indemnification of the Company. Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or culpable negligence of Contractor or Contractor's employees or agents related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor, his employees or agents, in activities not related to the business of the Company.

11. Termination. The Company or the Contractor may terminate this Agreement at any time by giving three (3) working days' notice to the other party. In addition, if the Contractor is convicted of any crime or offense, fails or refuses to comply with the policies or reasonable directive of the Company, is guilty of serious misconduct in connection with performance hereunder, or materially breaches provisions of this Agreement the Company at any time any terminate such engagement of the contractor immediately and without prior notice to the Contractor. Upon termination, Company shall have no further obligation to Contractor.

12. Independent Contractor. This Agreement shall not render the Contractor an employee, partner, agent of, or joint venture with the Company for any purpose. Contractor is not an employee or agent of Company and shall not make any representations otherwise. Contractor shall not have authority to and shall not attempt to bind Company in any way with any vendor, client, or their third-party. Contractor shall identify him/her/itself as an independent security service and not an employee of Company.

13. Successor and Assigns. All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successor, and assigns. Contractor may not assign this Agreement without approval of Company.

14. Choice of Law. The laws of the State of Texas shall govern the validity of this Agreement, the construction of its terms and the interpretation of the rights and duties or the parties hereto.

15. Waiver. Waiver by one party hereto of breach of any provision of the Agreement by the other shall not operate or be construed as a continuing waiver.

16. Modification or Amendment. No amendment, change or modification of this Agreement shall be valid unless in writing signed by the parties hereto.

{C0353849.DOC:1}

CONFIDENTIAL GGS 009025

17. Entire Understanding.    This document and any exhibit attached constitute the entire understanding and agreement of the parties, and any an all prior agreement, understandings, and representations are hereby terminated and canceled in their entirety and are of no further force and effect.

18. Unenforceability of Provisions.    If any provision of this agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

IN WITNESS WHEREOF the undersigned have executed this Agreement as of the day and year first written above.

_Bonnie Barrera_
Subcontractor

_[signature]_
Gate Guard Services, LP

_9~21~10_
Date

_9-21-2010_
Date

{C0353849;DOC;1}

CONFIDENTIAL GGS 009026

# EXHIBIT 23

# to Bert Steindorf's Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (the "Agreement") is entered into this _4_ day of _July_____, 20_11_, by and between Gate Guard Services, LP (the "Company") and _MARK D. BASS_____ ("Contractor").

WHEREAS, Contractor maintains his/her/its own business operation to provide independent gate attendant services for hire; and

WHEREAS, the Company wishes to engage Contractor to provide certain services as an independent contractor.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1.  Independent Contractor Services. Contractor shall provide gate attendant services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities as described herein.

    a.  The services provided by Contractor include a waiting to be engaged arrangement where the attendant is responsible for opening and closing the gate to the oilfield operation and logging vehicles that enter and depart the gate onto a Traffic Log ("Contractor Services"). The Traffic Logs maintained by Contractor shall be provided to the Company at the conclusion of the oilfield operation. Contractor shall ensure that all Contractor Services are in accordance with the requirements of the clients of Company including the operator, lease holder, or landowner as applicable.

    b.  Contractor shall operate as an independent contractor. Contractor shall control the performance of the details of Contractor Services and shall be responsible for the results. As such, Contractor may hire individuals to perform the duties described herein. Contractor shall ensure that the performance of the Contractor Services contemplated by this Agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite. Contractor Services will be provided in a manner consistent with the appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner.

    c.  Contractor acknowledges that Contractor may engage in personal activities and pursuits, including sleeping, eating, reading, watching television, household chores, or any other legal personal activity Contractor may choose, when not performing the Contractor Services set forth above. Contractor also acknowledges that such personal activities may comprise the majority of Contractor's time spent waiting to be engaged to perform the Contractor Services set forth above. Finally, Contractor acknowledges and agrees, as more fully set forth below in Paragraph 2, that such personal activities are not compensable. Contractor agrees that Contractor will be paid only for time spent opening and closing the gate and logging in vehicles.

CONFIDENTIAL GGS 006992

2.     Payments to Contractor. The Company shall pay Contractor $____ per day for each day Contractor performs Contractor Services which consist of opening and closing the gate and for logging vehicles entering and departing the gate. Contractor shall not be compensated for time spent waiting to be engaged to perform the Contractor Services. Contractor shall not be compensated for time spent pursuing personal activities, including time spent sleeping, eating or engaging in any other personal activities as set forth in Paragraph 1(c).

3.     Termination. The Company or Contractor may terminate this Agreement at any time by providing three (3) days notice to the other party without cause. Company may terminate this Agreement without notice for cause. Cause shall be defined as a felony conviction, failure to comply with the terms of this Agreement or the instructions of oilfield operator, leaseholder or landowner. Upon termination, the Company shall have no further obligation to Contractor.

4.     Contractor's Performance of Services for Others. Contractor and the Company hereby acknowledge and agree that Contractor may, at any time, perform services for any other entity, including services similar to Contractor Services provided to the Company.

5.     Tools and Equipment. Contractor shall be responsible, at Contractor's sole expense, for all vehicles, tools, facilities, lodging, office equipment, fuel for Contractor's vehicle and propane for Contractor's trailer/recreational vehicle/camper, phone service and other materials as may be necessary to carry out the terms of this Agreement. Contractor shall, at Contractor's sole expense, ensure that all equipment used in connection with this Agreement is properly maintained and licensed/registered as may be necessary or required. Contractor shall purchase a vest and/or shirt which identify Contractor as a Contractor of the Company. While Contractor is performing Contractor Services for the Company, the Company shall provide a generator and fuel for the generator and septic tank for Contractor's use. The Company will retrieve the generator and septic tank at the conclusion of the oilfield operation.

6.     Assignment of Contractor Services to Others. Contractor may employ or assign others to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 above. Contractor shall not hold him/her/itself out as an agent of the Company and Contractor does not have the authority to hire persons on the Company's behalf. Contractor shall be solely responsible for any person employed or assigned by Contractor to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 of this Agreement, including but not limited to payment for services, payment of wages, insurance, employment benefits, taxes, or any other types of payments due or made to such other person. Contractor agrees to indemnify and hold the Company harmless from any claim by any person hired by Contractor and who thereafter claims to be an employee of the Company.

7.     Independent Contractor Status (No employment). This Agreement shall not render the Contractor an employee, partner, agent, or joint venture with the Company for any purpose. Contractor is not an employee or agent of the Company and shall not make any representations otherwise. Contractor shall not have the authority to and shall not attempt to bind the Company in any way with any vendor, client, or third-party. Contractor shall identify him/her/itself as an independent contractor company and not an employee of the Company.

CONFIDENTIAL GGS 006993

8.     Self-Employment Taxes. Contractor acknowledges that Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes. Such taxes may include, by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes. Contractor agrees to indemnify and hold harmless the Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by the Company to Contractor for services provided pursuant to this Agreement.

9.     Ineligibility for Benefits. Contractor agrees that the sole benefit to which Contractor is entitled is the compensation set forth in Paragraph 2 of this Agreement. Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of the Company during the term of this Agreement. Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of the Company on account of any services provided under the terms of this Agreement, including, without limitation, any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

10.    ERISA Waiver. Contractor understands that all benefit plans now or hereafter sponsored by the Company are only available to employees of the Company and not to Contractor. Contractor further understands that the benefits plans are governed by the terms of the Employee Retirement Income Security Act (ERISA). Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans. With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights Contractor may have, or later claim to have, with respect to such plans, including, without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement. Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to the Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA § 510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement. Contractor hereby acknowledges and agrees that Contractor's waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and thorough consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver. Contractor understands that the effect of this waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to the Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of the Company.

CONFIDENTIAL GGS 006994

11.  Workers' Compensation.  Pursuant to Subchapter F of the Texas Workers Compensation Act, § 401.121, et seq.:

    a.    The Company, acting as a general contractor, agrees to provide workers' compensation insurance for Contractor, operating as a sub-contractor, and its employees, if any.  Pursuant to Texas Labor Code § 406.123, the Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers' compensation insurance.

    b.    Payment by Contractor for the premiums associated with the workers' compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to Paragraph 2 will be made.

    c.    Contractor and the Company agree to promptly complete any documentation required by the Texas Workers' Compensation Commission.

    d.    Contractor will notify the Company as soon as practical if Contractor hires or assigns another person to provide Contractor's Services under this Agreement to ensure proper notice of workers' compensation coverage is provided.

    e.    Contractor will notify the Company of any injury or claim of injury to Contractor or any of its employees or contractors.

12.  Acknowledgements.  In the event that, contrary to the express intent of the parties hereto, a Court or governmental agency deems Contractor to be an employee rather than an independent contractor of the Company, Contractor hereby acknowledges and agrees that Contractor has been retained to perform only those Contractor Services set forth in Paragraph 1 above.  Contractor further acknowledges and agrees that, during an assignment for the Company, Contractor is often waiting to be engaged to perform the Contractor Services, and that during such time Contractor is free to engage in personal activities.  Contractor acknowledges and agrees that Contractor is not compensated for time spent waiting to be engaged to perform Contractor Services, or for any other time during which Contractor is not performing Contractor Services, including, without limitation, time spent sleeping, eating or engaging in personal activities or pursuits.

13.  Indemnification of The Company.  Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or negligence of Contractor or Contractor's employees, agents or contractors related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor or Contractor's employees, agents or contractors, in activities not related to the business of the Company.

14.  Successors and Assigns.  All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successors and

4

**CONFIDENTIAL GGS 006995**

assigns. Contractor may not assign this Agreement without the written approval of the Company.

15. <u>Choice of Law</u>. The laws of the State of Texas shall govern the validity and construction of the terms of this Agreement, and the interpretation of the rights and duties of the parties hereto.

16. <u>Waiver</u>. Waiver by one party hereto of a breach of any provision of this Agreement by the other shall not operate or be construed as constituting a waiver.

17. <u>Modification or Amendment</u>. No amendment, change or modification of this Agreement shall be valid unless in writing and signed by the parties hereto.

18. <u>Entire Agreement</u>. This Agreement constitutes the entire understanding and agreement of the parties, and any and all prior agreements, understandings, and representations are hereby terminated, canceled in their entirety, and are of no further force and effect.

19. <u>Unenforceability of Provisions</u>. If any provision of this Agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

20. <u>Notices</u>. Any notice required or permitted to be given under this Agreement shall be sufficient if in writing and sent by certified mail or hand-delivery to:

CONTRACTOR:

_____

_____

_____

THE COMPANY:

Gate Guard Services, LP
Attn: Bert Steindorf
4646 Corona Drive, Suite 163
Corpus Christi, TX 78411

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the day and year first written above.

_____        _____
Contractor                                                    Gate Guard Services, LP

7-4-11
_____        _____
Date                                                              Date

5

CONFIDENTIAL GGS 006996

# EXHIBIT 24

## to Bert Steindorf's Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (the "Agreement") is entered into this _21_ day of _December_, 20 _11_ by and between Gate Guard Services, LP (the "Company") and _Myron Bassett_ ("Contractor").

WHEREAS, Contractor maintains his/her/its own business operation to provide independent gate attendant services for hire; and

WHEREAS, the Company wishes to engage Contractor to provide certain services as an independent contractor.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1.     <u>Independent Contractor Services</u>. Contractor shall provide gate attendant services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities as described herein.

        a.     The services provided by Contractor include a waiting to be engaged arrangement where the attendant is responsible for opening and closing the gate to the oilfield operation and logging vehicles that enter and depart the gate onto a Traffic Log ("Contractor Services"). The Traffic Logs maintained by Contractor shall be provided to the Company at the conclusion of the oilfield operation. Contractor shall ensure that all Contractor Services are in accordance with the requirements of the clients of Company including the operator, lease holder, or landowner as applicable.

        b.     Contractor shall operate as an independent contractor. Contractor shall control the performance of the details of Contractor Services and shall be responsible for the results. As such, Contractor may hire individuals to perform the duties described herein. Contractor shall ensure that the performance of the Contractor Services contemplated by this Agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite. Contractor Services will be provided in a manner consistent with the appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner.

        c.     Contractor acknowledges that Contractor may engage in personal activities and pursuits, including sleeping, eating, reading, watching television, household chores, or any other legal personal activity Contractor may choose, when not performing the Contractor Services set forth above. Contractor also acknowledges that such personal activities may comprise the majority of Contractor's time spent waiting to be engaged to perform the Contractor Services set forth above. Finally, Contractor acknowledges and agrees, as more fully set forth below in Paragraph 2, that such personal activities are not compensable. Contractor agrees that Contractor will be paid only for time spent opening and closing the gate and logging in vehicles.

CONFIDENTIAL GGS 009182

2.      Payments to Contractor. The Company shall pay Contractor $_____ per day for each day Contractor performs Contractor Services which consist of opening and closing the gate and for logging vehicles entering and departing the gate. Contractor shall not be compensated for time spent waiting to be engaged to perform the Contractor Services. Contractor shall not be compensated for time spent pursuing personal activities, including time spent sleeping, eating or engaging in any other personal activities as set forth in Paragraph 1(c).

3.      Termination. The Company or Contractor may terminate this Agreement at any time by providing three (3) days notice to the other party without cause. Company may terminate this Agreement without notice for cause. Cause shall be defined as a felony conviction, failure to comply with the terms of this Agreement or the instructions of oilfield operator, leaseholder or landowner. Upon termination, the Company shall have no further obligation to Contractor.

4.      Contractor's Performance of Services for Others. Contractor and the Company hereby acknowledge and agree that Contractor may, at any time, perform services for any other entity, including services similar to Contractor Services provided to the Company.

5.      Tools and Equipment. Contractor shall be responsible, at Contractor's sole expense, for all vehicles, tools, facilities, lodging, office equipment, fuel for Contractor's vehicle and propane for Contractor's trailer/recreational vehicle/camper, phone service and other materials as may be necessary to carry out the terms of this Agreement. Contractor shall, at Contractor's sole expense, ensure that all equipment used in connection with this Agreement is properly maintained and licensed/registered as may be necessary or required. Contractor shall purchase a vest and/or shirt which identify Contractor as a Contractor of the Company. While Contractor is performing Contractor Services for the Company, the Company shall provide a generator and fuel for the generator and septic tank for Contractor's use. The Company will retrieve the generator and septic tank at the conclusion of the oilfield operation.

6.      Assignment of Contractor Services to Others. Contractor may employ or assign others to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 above. Contractor shall not hold him/her/itself out as an agent of the Company and Contractor does not have the authority to hire persons on the Company's behalf. Contractor shall be solely responsible for any person employed or assigned by Contractor to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 of this Agreement, including but not limited to payment for services, payment of wages, insurance, employment benefits, taxes, or any other types of payments due or made to such other person. Contractor agrees to indemnify and hold the Company harmless from any claim by any person hired by Contractor and who thereafter claims to be an employee of the Company.

7.      Independent Contractor Status (No employment). This Agreement shall not render the Contractor an employee, partner, agent, or joint venture with the Company for any purpose. Contractor is not an employee or agent of the Company and shall not make any representations otherwise. Contractor shall not have the authority to and shall not attempt to bind the Company in any way with any vendor, client, or third-party. Contractor shall identify him/her/itself as an independent contractor company and not an employee of the Company.

2

CONFIDENTIAL GGS 009183

8. <u>Self-Employment Taxes</u>. Contractor acknowledges that Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes. Such taxes may include, by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes. Contractor agrees to indemnify and hold harmless the Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by the Company to Contractor for services provided pursuant to this Agreement.

9. <u>Ineligibility for Benefits</u>. Contractor agrees that the sole benefit to which Contractor is entitled is the compensation set forth in Paragraph 2 of this Agreement. Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of the Company during the term of this Agreement. Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of the Company on account of any services provided under the terms of this Agreement, including, without limitation, any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

10. <u>ERISA Waiver</u>. Contractor understands that all benefit plans now or hereafter sponsored by the Company are only available to employees of the Company and not to Contractor. Contractor further understands that the benefits plans are governed by the terms of the Employee Retirement Income Security Act (ERISA). Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans. With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights Contractor may have, or later claim to have, with respect to such plans, including, without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement. Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to the Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA § 510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement. Contractor hereby acknowledges and agrees that Contractor's waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and thorough consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver. Contractor understands that the effect of this waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to the Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of the Company.

CONFIDENTIAL GGS 009184

11.   Workers' Compensation.  Pursuant to Subchapter F of the Texas Workers Compensation Act, § 401.121, et seq.:

      a.    The Company, acting as a general contractor, agrees to provide workers' compensation insurance for Contractor, operating as a sub-contractor, and its employees, if any.  Pursuant to Texas Labor Code § 406.123, the Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers' compensation insurance.

      b.    Payment by Contractor for the premiums associated with the workers' compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to Paragraph 2 will be made.

      c.    Contractor and the Company agree to promptly complete any documentation required by the Texas Workers' Compensation Commission.

      d.    Contractor will notify the Company as soon as practical if Contractor hires or assigns another person to provide Contractor's Services under this Agreement to ensure proper notice of workers' compensation coverage is provided.

      e.    Contractor will notify the Company of any injury or claim of injury to Contractor or any of its employees or contractors.

12.   Acknowledgements.  In the event that, contrary to the express intent of the parties hereto, a Court or governmental agency deems Contractor to be an employee rather than an independent contractor of the Company, Contractor hereby acknowledges and agrees that Contractor has been retained to perform only those Contractor Services set forth in Paragraph 1 above.  Contractor further acknowledges and agrees that, during an assignment for the Company, Contractor is often waiting to be engaged to perform the Contractor Services, and that during such time Contractor is free to engage in personal activities.  Contractor acknowledges and agrees that Contractor is not compensated for time spent waiting to be engaged to perform Contractor Services, or for any other time during which Contractor is not performing Contractor Services, including, without limitation, time spent sleeping, eating or engaging in personal activities or pursuits.

13.   Indemnification of The Company.  Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or negligence of Contractor or Contractor's employees, agents or contractors related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor or Contractor's employees, agents or contractors, in activities not related to the business of the Company.

14.   Successors and Assigns.  All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successors and

CONFIDENTIAL GGS 009185

assigns. Contractor may not assign this Agreement without the written approval of the Company.

15. <u>Choice of Law</u>. The laws of the State of Texas shall govern the validity and construction of the terms of this Agreement, and the interpretation of the rights and duties of the parties hereto.

16. <u>Waiver</u>. Waiver by one party hereto of a breach of any provision of this Agreement by the other shall not operate or be construed as constituting a waiver.

17. <u>Modification or Amendment</u>. No amendment, change or modification of this Agreement shall be valid unless in writing and signed by the parties hereto.

18. <u>Entire Agreement</u>. This Agreement constitutes the entire understanding and agreement of the parties, and any and all prior agreements, understandings, and representations are hereby terminated, canceled in their entirety, and are of no further force and effect.

19. <u>Unenforceability of Provisions</u>. If any provision of this Agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

20. <u>Notices</u>. Any notice required or permitted to be given under this Agreement shall be sufficient if in writing and sent by certified mail or hand-delivery to:

CONTRACTOR:

*MYRON. W. BASSETT*

THE COMPANY:

Gate Guard Services, LP
Attn: Bert Steindorf
4646 Corona Drive, Suite 163
Corpus Christi, TX 78411

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the day and year first written above.

_Myron W. Bassett_
Contractor

_[signature]_
Gate Guard Services, LP

_12 - 21 - 11_
Date

_12 - 21 - 11_
Date

5

CONFIDENTIAL GGS 009186

# EXHIBIT 25

# to Bert Steindorf's Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (the "Agreement") is entered into this _28_ day of _July_ ; 20_11_, by and between Gate Guard Services, LP (the "Company") and _Paula Baumann_ ("Contractor").

WHEREAS, Contractor maintains his/her/its own business operation to provide independent gate attendant services for hire; and

WHEREAS, the Company wishes to engage Contractor to provide certain services as an independent contractor.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1. <u>Independent Contractor Services</u>. Contractor shall provide gate attendant services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities as described herein.

a. The services provided by Contractor include a waiting to be engaged arrangement where the attendant is responsible for opening and closing the gate to the oilfield operation and logging vehicles that enter and depart the gate onto a Traffic Log ("Contractor Services"). The Traffic Logs maintained by Contractor shall be provided to the Company at the conclusion of the oilfield operation. Contractor shall ensure that all Contractor Services are in accordance with the requirements of the clients of Company including the operator, lease holder, or landowner as applicable.

b. Contractor shall operate as an independent contractor. Contractor shall control the performance of the details of Contractor Services and shall be responsible for the results. As such, Contractor may hire individuals to perform the duties described herein. Contractor shall ensure that the performance of the Contractor Services contemplated by this Agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite. Contractor Services will be provided in a manner consistent with the appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner.

c. Contractor acknowledges that Contractor may engage in personal activities and pursuits, including sleeping, eating, reading, watching television, household chores, or any other legal personal activity Contractor may choose, when not performing the Contractor Services set forth above. Contractor also acknowledges that such personal activities may comprise the majority of Contractor's time spent waiting to be engaged to perform the Contractor Services set forth above. Finally, Contractor acknowledges and agrees, as more fully set forth below in Paragraph 2, that such personal activities are not compensable. Contractor agrees that Contractor will be paid only for time spent opening and closing the gate and logging in vehicles.

**CONFIDENTIAL GGS 007022**

2.     Payments to Contractor.  The Company shall pay Contractor $____ per day for each day Contractor performs Contractor Services which consist of opening and closing the gate and for logging vehicles entering and departing the gate.  Contractor shall not be compensated for time spent waiting to be engaged to perform the Contractor Services.  Contractor shall not be compensated for time spent pursuing personal activities, including time spent sleeping, eating or engaging in any other personal activities as set forth in Paragraph 1(c).

3.     Termination.  The Company or Contractor may terminate this Agreement at any time by providing three (3) days notice to the other party without cause.  Company may terminate this Agreement without notice for cause.  Cause shall be defined as a felony conviction, failure to comply with the terms of this Agreement or the instructions of oilfield operator, leaseholder or landowner.  Upon termination, the Company shall have no further obligation to Contractor.

4.     Contractor's Performance of Services for Others.  Contractor and the Company hereby acknowledge and agree that Contractor may, at any time, perform services for any other entity, including services similar to Contractor Services provided to the Company.

5.     Tools and Equipment.  Contractor shall be responsible, at Contractor's sole expense, for all vehicles, tools, facilities, lodging, office equipment, fuel for Contractor's vehicle and propane for Contractor's trailer/recreational vehicle/camper, phone service and other materials as may be necessary to carry out the terms of this Agreement.  Contractor shall, at Contractor's sole expense, ensure that all equipment used in connection with this Agreement is properly maintained and licensed/registered as may be necessary or required.  Contractor shall purchase a vest and/or shirt which identify Contractor as a Contractor of the Company.  While Contractor is performing Contractor Services for the Company, the Company shall provide a generator and fuel for the generator and septic tank for Contractor's use.  The Company will retrieve the generator and septic tank at the conclusion of the oilfield operation.

6.     Assignment of Contractor Services to Others.  Contractor may employ or assign others to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 above.  Contractor shall not hold him/her/itself out as an agent of the Company and Contractor does not have the authority to hire persons on the Company's behalf.  Contractor shall be solely responsible for any person employed or assigned by Contractor to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 of this Agreement, including but not limited to payment for services, payment of wages, insurance, employment benefits, taxes, or any other types of payments due or made to such other person.  Contractor agrees to indemnify and hold the Company harmless from any claim by any person hired by Contractor and who thereafter claims to be an employee of the Company.

7.     Independent Contractor Status (No employment).  This Agreement shall not render the Contractor an employee, partner, agent, or joint venture with the Company for any purpose.  Contractor is not an employee or agent of the Company and shall not make any representations otherwise.  Contractor shall not have the authority to and shall not attempt to bind the Company in any way with any vendor, client, or third-party.  Contractor shall identify him/her/itself as an independent contractor company and not an employee of the Company.

2

**CONFIDENTIAL GGS 007023**

8.     Self-Employment Taxes.  Contractor acknowledges that Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes.  Such taxes may include, by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes.  Contractor agrees to indemnify and hold harmless the Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by the Company to Contractor for services provided pursuant to this Agreement.

9.     Ineligibility for Benefits.  Contractor agrees that the sole benefit to which Contractor is entitled is the compensation set forth in Paragraph 2 of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of the Company during the term of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of the Company on account of any services provided under the terms of this Agreement, including, without limitation, any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

10.     ERISA Waiver.  Contractor understands that all benefit plans now or hereafter sponsored by the Company are only available to employees of the Company and not to Contractor.  Contractor further understands that the benefits plans are governed by the terms of the Employee Retirement Income Security Act (ERISA).  Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans.  With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights Contractor may have, or later claim to have, with respect to such plans, including, without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement.  Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to the Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA § 510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement. Contractor hereby acknowledges and agrees that Contractor's waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and thorough consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver.  Contractor understands that the effect of this waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to the Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of the Company.

CONFIDENTIAL GGS 007024

11.   Workers' Compensation.  Pursuant to Subchapter F of the Texas Workers Compensation Act, § 401.121, et seq.:

    a.   The Company, acting as a general contractor, agrees to provide workers' compensation insurance for Contractor, operating as a sub-contractor, and its employees, if any.  Pursuant to Texas Labor Code § 406.123, the Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers' compensation insurance.

    b.   Payment by Contractor for the premiums associated with the workers' compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to Paragraph 2 will be made.

    c.   Contractor and the Company agree to promptly complete any documentation required by the Texas Workers' Compensation Commission.

    d.   Contractor will notify the Company as soon as practical if Contractor hires or assigns another person to provide Contractor's Services under this Agreement to ensure proper notice of workers' compensation coverage is provided.

    e.   Contractor will notify the Company of any injury or claim of injury to Contractor or any of its employees or contractors.

12.   Acknowledgements.  In the event that, contrary to the express intent of the parties hereto, a Court or governmental agency deems Contractor to be an employee rather than an independent contractor of the Company, Contractor hereby acknowledges and agrees that Contractor has been retained to perform only those Contractor Services set forth in Paragraph 1 above.  Contractor further acknowledges and agrees that, during an assignment for the Company, Contractor is often waiting to be engaged to perform the Contractor Services, and that during such time Contractor is free to engage in personal activities.  Contractor acknowledges and agrees that Contractor is not compensated for time spent waiting to be engaged to perform Contractor Services, or for any other time during which Contractor is not performing Contractor Services, including, without limitation, time spent sleeping, eating or engaging in personal activities or pursuits.

13.   Indemnification of The Company.  Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or negligence of Contractor or Contractor's employees, agents or contractors related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor or Contractor's employees, agents or contractors, in activities not related to the business of the Company.

14.   Successors and Assigns.  All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successors and

4

CONFIDENTIAL GGS 007025

assigns. Contractor may not assign this Agreement without the written approval of the Company.

15. <u>Choice of Law</u>. The laws of the State of Texas shall govern the validity and construction of the terms of this Agreement, and the interpretation of the rights and duties of the parties hereto.

16. <u>Waiver</u>. Waiver by one party hereto of a breach of any provision of this Agreement by the other shall not operate or be construed as constituting a waiver.

17. <u>Modification or Amendment</u>. No amendment, change or modification of this Agreement shall be valid unless in writing and signed by the parties hereto.

18. <u>Entire Agreement</u>. This Agreement constitutes the entire understanding and agreement of the parties, and any and all prior agreements, understandings, and representations are hereby terminated, canceled in their entirety, and are of no further force and effect.

19. <u>Unenforceability of Provisions</u>. If any provision of this Agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

20. <u>Notices</u>. Any notice required or permitted to be given under this Agreement shall be sufficient if in writing and sent by certified mail or hand-delivery to:

CONTRACTOR:

*Paul A. Baumann*
*957 Remmers Rd*
*Nordheim TX 78141*

THE COMPANY:

Gate Guard Services, LP
Attn: Bert Steindorf
4646 Corona Drive, Suite 163
Corpus Christi, TX 78411

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the day and year first written above.

*Paul a. Baumann*
Contractor

Gate Guard Services, LP

*7-28-11*
Date

Date

5

CONFIDENTIAL GGS 007026

# EXHIBIT 26

## to Bert Steindorf's Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Agreement is entered into as of this __10__ day of __September__ 2008, between Gate Guard Services, LP, hereinafter called "the Company" and __William L. Bean__ hereinafter called "Contractor".

WHEREAS, Contractor represents and warrants that he/she/it maintains his/her/its own business operation to provide independent guard services for hire and holds him/her/itself out as an independent contractor for hire;

WHEREAS, Contractor has substantially invested in his/her/its business by obtaining necessary equipment and supplies to carry our Contractor's business enterprises; and

WHEREAS, the Company wishes to engage Contractor to provide services as an independent contractor guard service.

NOW THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1. <u>Services to be provided</u>. Contractor shall provide professional guard services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities. Contractor shall ensure services are in accordance with Company's general specifications and the requirements held by the operator, lease holder, or landowner as applicable.

In the performance of the services, Contractor shall operate as an independent contractor. Contractor shall control the performance of the details of Contractor's services and shall be responsible for the results. Contractor shall ensure that the performance of the services contemplated by this agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite. Services will be provided in a manner consistent with appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner as may apply.

Contractor shall keep such logs and make such reports as may be required from time-to-time, and provide such other duties as outlined in Exhibit A hereto.

2. <u>Tools, Equipment and Supplies</u>. Contractor shall be responsible, at Contractor's expense, for all vehicles, tools, facilities, lodging, office equipment, fuel, phone service and other materials as may be necessary to carry out the terms of this agreement at the location required. Provided, however, that Company may require certain equipment of Contractor be compatible with Company's. Contractor shall, at Contractor's expense, ensure all equipment used in connection with this agreement is properly maintained and licensed/registered as may be necessary or required.

{C0353849.DOC:1}

CONFIDENTIAL GGS 006997

3. Handgun. Unless specifically authorized in Exhibit A, Contractor shall not carry a handgun or other firearm while providing services pursuant to his agreement or have any such weapon on site.

4. Employment of Others. Contractor may employ others to assist Contractor in carrying out the services required herein provided, however, that before assigning any such person to any duties under this agreement, Contractor receives and/or provides to the Company written confirmation that the person is appropriately licensed to provide security services or properly registered with the Company.

In no event shall Contractor hold itself out as an agent of Company and Contractor does not have authority to hire persons for the Company's behalf. Contractor shall be solely responsible for any person hired by Contractor, including but not limited to payment of wages, insurance, employment benefits, if any, taxes, etc. Contractor agrees to indemnify and hold Company harmless from any claim from any person hired by Contractor and who thereafter claims to be an employee of Company.

5. Self-Employment Taxes. Contractor acknowledges Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes. Such taxes may include by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes.

Contractor agrees to indemnify and hold harmless Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by Company to Contractor for services provided pursuant to this Agreement.

6. Ineligibility for Benefits. Contractor agrees that the sole benefit to which Contractor is entitled is the cash compensation described in Exhibit A of the Agreement. Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of Company during the term of this Agreement. Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of Company on account of any services provided under the terms of this Agreement, including without limitation any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

7. ERISA Waiver. Contractor acknowledges and understands that he intends and desires to work pursuant to this Agreement solely as an independent contractor and not as an employee of Company. Contractor understands that all benefit plans now or hereafter sponsored by Company are only available to employees of Company and not to other such contractors or independent contractors. Contractor further understands that the benefits plans are governed by the terms of Employee Retirement Income Security Act (ERISA).

{C0353849.DOC;1}

CONFIDENTIAL GGS 006998

Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans. With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights or Contractor may have, or later claim to have, with respect to such plans, including without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement. Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA §510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement.

Contractor hereby acknowledges and agrees that Contractors waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and through consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver. Contractor understands that the effect of this Waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of Company.

Contractor agrees to indemnity and hold harmless Company, its officers, directors, trustees, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities that may result from a determination that the Contractor is an employee rather than independent contractor.

8. Payment. Payment for all services provided shall be as agreed to between Contractor and the Company for the designated job, as expressed in Exhibit A or any subsequent service order signed by Contractor and Company. The established fee shall be the total amount due for services rendered by Contractor, or any of Contractor's agents or employees.

9. Workers Compensation. Pursuant to Subchapter F of the Texas Workers Compensation Act, (§ 406.121, et. seq.) Company and Contractor hereby agree to provide for specific coverage for work related injuries of Contractor or Contractor's employees, if any.

   a. Company, acting as a general Contractor, agrees to provide workers compensation insurance for Contractor, operating as a sub-Contractor, and its employees, if any. Pursuant to Tex. Labor Code § 406.123, Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers compensation insurance.

   b. Payment by Contractor for the premiums associated with the workers compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to article 3.01.a. will be made.

{C0353849.DOC:1}

CONFIDENTIAL GGS 006999

c.  Contractor and Company agree to promptly complete whatever documentation is required by the Texas Workers Compensation Commission.

d.  Contractor will notify Company as soon as practical if Contractor hires or assigns employees to provide services under this Agreement to ensure proper notice of workers compensation coverage is provided.

e.  Contractor will notify Company of any injury or claim of injury to Contractor or any of its employees.

10. Indemnification of the Company.  Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or culpable negligence of Contractor or Contractor's employees or agents related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor, his employees or agents, in activities not related to the business of the Company.

11. Termination.  The Company or the Contractor may terminate this Agreement at any time by giving three (3) working days' notice to the other party.  In addition, if the Contractor is convicted of any crime or offense, fails or refuses to comply with the policies or reasonable directive of the Company, is guilty of serious misconduct in connection with performance hereunder, or materially breaches provisions of this Agreement the Company at any time any terminate such engagement of the contractor immediately and without prior notice to the Contractor.  Upon termination, Company shall have no further obligation to Contractor.

12. Independent Contractor.  This Agreement shall not render the Contractor an employee, partner, agent of, or joint venture with the Company for any purpose.  Contractor is not an employee or agent of Company and shall not make any representations otherwise.  Contractor shall not have authority to and shall not attempt to bind Company in any way with any vendor, client, or their third-party.  Contractor shall identify him/her/itself as an independent security service and not an employee of Company.

13. Successor and Assigns.  All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successor, and assigns.  Contractor may not assign this Agreement without approval of Company.

14. Choice of Law.  The laws of the State of Texas shall govern the validity of this Agreement, the construction of its terms and the interpretation of the rights and duties or the parties hereto.

15. Waiver.  Waiver by one party hereto of breach of any provision of the Agreement by the other shall not operate or be construed as a continuing waiver.

16. Modification or Amendment.  No amendment, change or modification of this Agreement shall be valid unless in writing signed by the parties hereto.

{C0353849.DOC:1}

CONFIDENTIAL GGS 007000

17. **Entire Understanding.** This document and any exhibit attached constitute the entire understanding and agreement of the parties, and any an all prior agreement, understandings, and representations are hereby terminated and canceled in their entirety and are of no further force and effect.

18. **Unenforceability of Provisions.** If any provision of this agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

IN WITNESS WHEREOF the undersigned have executed this Agreement as of the day and year first written above.

_William L. Bean_
Subcontractor

_Gate Guard Services, LP_

_September 10, 2009_
Date

Date

{C0353849.DOC;1}

CONFIDENTIAL GGS 007001

# EXHIBIT 27

## to Bert Steindorf's Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (the "Agreement") is entered into this 23 day of March , 2011, by and between Gate Guard Services, LP (the "Company") and William J. Beard ("Contractor").

WHEREAS, Contractor maintains his/her/its own business operation to provide independent gate attendant services for hire; and

WHEREAS, the Company wishes to engage Contractor to provide certain services as an independent contractor.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1.    Independent Contractor Services. Contractor shall provide gate attendant services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities as described herein.

    a.    The services provided by Contractor include a waiting to be engaged arrangement where the attendant is responsible for opening and closing the gate to the oilfield operation and logging vehicles that enter and depart the gate onto a Traffic Log ("Contractor Services"). The Traffic Logs maintained by Contractor shall be provided to the Company at the conclusion of the oilfield operation. Contractor shall ensure that all Contractor Services are in accordance with the requirements of the clients of Company including the operator, lease holder, or landowner as applicable.

    b.    Contractor shall operate as an independent contractor. Contractor shall control the performance of the details of Contractor Services and shall be responsible for the results. As such, Contractor may hire individuals to perform the duties described herein. Contractor shall ensure that the performance of the Contractor Services contemplated by this Agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite. Contractor Services will be provided in a manner consistent with the appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner.

    c.    Contractor acknowledges that Contractor may engage in personal activities and pursuits, including sleeping, eating, reading, watching television, household chores, or any other legal personal activity Contractor may choose, when not performing the Contractor Services set forth above. Contractor also acknowledges that such personal activities may comprise the majority of Contractor's time spent waiting to be engaged to perform the Contractor Services set forth above. Finally, Contractor acknowledges and agrees, as more fully set forth below in Paragraph 2, that such personal activities are not compensable. Contractor agrees that Contractor will be paid only for time spent opening and closing the gate and logging in vehicles.

2. <u>Payments to Contractor</u>. The Company shall pay Contractor $_____ per day for each day Contractor performs Contractor Services which consist of opening and closing the gate and for logging vehicles entering and departing the gate. Contractor shall not be compensated for time spent waiting to be engaged to perform the Contractor Services. Contractor shall not be compensated for time spent pursuing personal activities, including time spent sleeping, eating or engaging in any other personal activities as set forth in Paragraph 1(c).

3. <u>Termination</u>. The Company or Contractor may terminate this Agreement at any time by providing three (3) days notice to the other party without cause. Company may terminate this Agreement without notice for cause. Cause shall be defined as a felony conviction, failure to comply with the terms of this Agreement or the instructions of oilfield operator, leaseholder or landowner. Upon termination, the Company shall have no further obligation to Contractor.

4. <u>Contractor's Performance of Services for Others</u>. Contractor and the Company hereby acknowledge and agree that Contractor may, at any time, perform services for any other entity, including services similar to Contractor Services provided to the Company.

5. <u>Tools and Equipment</u>. Contractor shall be responsible, at Contractor's sole expense, for all vehicles, tools, facilities, lodging, office equipment, fuel for Contractor's vehicle and propane for Contractor's trailer/recreational vehicle/camper, phone service and other materials as may be necessary to carry out the terms of this Agreement. Contractor shall, at Contractor's sole expense, ensure that all equipment used in connection with this Agreement is properly maintained and licensed/registered as may be necessary or required. Contractor shall purchase a vest and/or shirt which identify Contractor as a Contractor of the Company. While Contractor is performing Contractor Services for the Company, the Company shall provide a generator and fuel for the generator and septic tank for Contractor's use. The Company will retrieve the generator and septic tank at the conclusion of the oilfield operation.

6. <u>Assignment of Contractor Services to Others</u>. Contractor may employ or assign others to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 above. Contractor shall not hold him/her/itself out as an agent of the Company and Contractor does not have the authority to hire persons on the Company's behalf. Contractor shall be solely responsible for any person employed or assigned by Contractor to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 of this Agreement, including but not limited to payment for services, payment of wages, insurance, employment benefits, taxes, or any other types of payments due or made to such other person. Contractor agrees to indemnify and hold the Company harmless from any claim by any person hired by Contractor and who thereafter claims to be an employee of the Company.

7. <u>Independent Contractor Status (No employment)</u>. This Agreement shall not render the Contractor an employee, partner, agent, or joint venture with the Company for any purpose. Contractor is not an employee or agent of the Company and shall not make any representations otherwise. Contractor shall not have the authority to and shall not attempt to bind the Company in any way with any vendor, client, or third-party. Contractor shall identify him/her/itself as an independent contractor company and not an employee of the Company.

2

GGS 001982

8. <u>Self-Employment Taxes</u>. Contractor acknowledges that Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes. Such taxes may include, by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes. Contractor agrees to indemnify and hold harmless the Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by the Company to Contractor for services provided pursuant to this Agreement.

9. <u>Ineligibility for Benefits</u>. Contractor agrees that the sole benefit to which Contractor is entitled is the compensation set forth in Paragraph 2 of this Agreement. Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of the Company during the term of this Agreement. Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of the Company on account of any services provided under the terms of this Agreement, including, without limitation, any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

10. <u>ERISA Waiver</u>. Contractor understands that all benefit plans now or hereafter sponsored by the Company are only available to employees of the Company and not to Contractor. Contractor further understands that the benefits plans are governed by the terms of the Employee Retirement Income Security Act (ERISA). Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans. With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights Contractor may have, or later claim to have, with respect to such plans, including, without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement. Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to the Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA § 510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement. Contractor hereby acknowledges and agrees that Contractor's waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and thorough consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver. Contractor understands that the effect of this waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to the Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of the Company.

GGS 001983

11.  Workers' Compensation.  Pursuant to Subchapter F of the Texas Workers Compensation Act, § 401.121, et seq.:

    a.    The Company, acting as a general contractor, agrees to provide workers' compensation insurance for Contractor, operating as a sub-contractor, and its employees, if any.  Pursuant to Texas Labor Code § 406.123, the Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers' compensation insurance.

    b.    Payment by Contractor for the premiums associated with the workers' compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to Paragraph 2 will be made.

    c.    Contractor and the Company agree to promptly complete any documentation required by the Texas Workers' Compensation Commission.

    d.    Contractor will notify the Company as soon as practical if Contractor hires or assigns another person to provide Contractor's Services under this Agreement to ensure proper notice of workers' compensation coverage is provided.

    e.    Contractor will notify the Company of any injury or claim of injury to Contractor or any of its employees or contractors.

12.  Acknowledgements.  In the event that, contrary to the express intent of the parties hereto, a Court or governmental agency deems Contractor to be an employee rather than an independent contractor of the Company, Contractor hereby acknowledges and agrees that Contractor has been retained to perform only those Contractor Services set forth in Paragraph 1 above.  Contractor further acknowledges and agrees that, during an assignment for the Company, Contractor is often waiting to be engaged to perform the Contractor Services, and that during such time Contractor is free to engage in personal activities.  Contractor acknowledges and agrees that Contractor is not compensated for time spent waiting to be engaged to perform Contractor Services, or for any other time during which Contractor is not performing Contractor Services, including, without limitation, time spent sleeping, eating or engaging in personal activities or pursuits.

13.  Indemnification of The Company.  Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or negligence of Contractor or Contractor's employees, agents or contractors related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor or Contractor's employees, agents or contractors, in activities not related to the business of the Company.

14.  Successors and Assigns.  All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successors and

GGS 001984

assigns. Contractor may not assign this Agreement without the written approval of the Company.

15. <u>Choice of Law</u>. The laws of the State of Texas shall govern the validity and construction of the terms of this Agreement, and the interpretation of the rights and duties of the parties hereto.

16. <u>Waiver</u>. Waiver by one party hereto of a breach of any provision of this Agreement by the other shall not operate or be construed as constituting a waiver.

17. <u>Modification or Amendment</u>. No amendment, change or modification of this Agreement shall be valid unless in writing and signed by the parties hereto.

18. <u>Entire Agreement</u>. This Agreement constitutes the entire understanding and agreement of the parties, and any and all prior agreements, understandings, and representations are hereby terminated, canceled in their entirety, and are of no further force and effect.

19. <u>Unenforceability of Provisions</u>. If any provision of this Agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

20. <u>Notices</u>. Any notice required or permitted to be given under this Agreement shall be sufficient if in writing and sent by certified mail or hand-delivery to:

CONTRACTOR:

_William L. Bean_

THE COMPANY:

Gate Guard Services, LP
Attn: Bert Steindorf
4646 Corona Drive, Suite 163
Corpus Christi, TX 78411

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the day and year first written above.

_William L. Bean Jr._
Contractor

_3-23-11_
Date

_Gate Guard Services, LP_

_3-23-11_
Date

5

GGS 001985

# EXHIBIT 28

## to Bert Steindorf's Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (the "Agreement") is entered into this _30_ day of _January_ , 20_11_, by and between Gate Guard Services, LP (the "Company") and _Rita L. Beck_ ("Contractor").

WHEREAS, Contractor maintains his/her/its own business operation to provide independent gate attendant services for hire; and

WHEREAS, the Company wishes to engage Contractor to provide certain services as an independent contractor.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1.    Independent Contractor Services. Contractor shall provide gate attendant services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities as described herein.

    a.    The services provided by Contractor include a waiting to be engaged arrangement where the attendant is responsible for opening and closing the gate to the oilfield operation and logging vehicles that enter and depart the gate onto a Traffic Log ("Contractor Services"). The Traffic Logs maintained by Contractor shall be provided to the Company at the conclusion of the oilfield operation. Contractor shall ensure that all Contractor Services are in accordance with the requirements of the clients of Company including the operator, lease holder, or landowner as applicable.

    b.    Contractor shall operate as an independent contractor. Contractor shall control the performance of the details of Contractor Services and shall be responsible for the results. As such, Contractor may hire individuals to perform the duties described herein. Contractor shall ensure that the performance of the Contractor Services contemplated by this Agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite. Contractor Services will be provided in a manner consistent with the appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner.

    c.    Contractor acknowledges that Contractor may engage in personal activities and pursuits, including sleeping, eating, reading, watching television, household chores, or any other legal personal activity Contractor may choose, when not performing the Contractor Services set forth above. Contractor also acknowledges that such personal activities may comprise the majority of Contractor's time spent waiting to be engaged to perform the Contractor Services set forth above. Finally, Contractor acknowledges and agrees, as more fully set forth below in Paragraph 2, that such personal activities are not compensable. Contractor agrees that Contractor will be paid only for time spent opening and closing the gate and logging in vehicles.

2.     Payments to Contractor. The Company shall pay Contractor $____ per day for each day Contractor performs Contractor Services which consist of opening and closing the gate and for logging vehicles entering and departing the gate. Contractor shall not be compensated for time spent waiting to be engaged to perform the Contractor Services. Contractor shall not be compensated for time spent pursuing personal activities, including time spent sleeping, eating or engaging in any other personal activities as set forth in Paragraph 1(c).

3.     Termination. The Company or Contractor may terminate this Agreement at any time by providing three (3) days notice to the other party without cause. Company may terminate this Agreement without notice for cause. Cause shall be defined as a felony conviction, failure to comply with the terms of this Agreement or the instructions of oilfield operator, leaseholder or landowner. Upon termination, the Company shall have no further obligation to Contractor.

4.     Contractor's Performance of Services for Others. Contractor and the Company hereby acknowledge and agree that Contractor may, at any time, perform services for any other entity, including services similar to Contractor Services provided to the Company.

5.     Tools and Equipment. Contractor shall be responsible, at Contractor's sole expense, for all vehicles, tools, facilities, lodging, office equipment, fuel for Contractor's vehicle and propane for Contractor's trailer/recreational vehicle/camper, phone service and other materials as may be necessary to carry out the terms of this Agreement. Contractor shall, at Contractor's sole expense, ensure that all equipment used in connection with this Agreement is properly maintained and licensed/registered as may be necessary or required. Contractor shall purchase a vest and/or shirt which identify Contractor as a Contractor of the Company. While Contractor is performing Contractor Services for the Company, the Company shall provide a generator and fuel for the generator and septic tank for Contractor's use. The Company will retrieve the generator and septic tank at the conclusion of the oilfield operation.

6.     Assignment of Contractor Services to Others. Contractor may employ or assign others to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 above. Contractor shall not hold him/her/itself out as an agent of the Company and Contractor does not have the authority to hire persons on the Company's behalf. Contractor shall be solely responsible for any person employed or assigned by Contractor to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 of this Agreement, including but not limited to payment for services, payment of wages, insurance, employment benefits, taxes, or any other types of payments due or made to such other person. Contractor agrees to indemnify and hold the Company harmless from any claim by any person hired by Contractor and who thereafter claims to be an employee of the Company.

7.     Independent Contractor Status (No employment). This Agreement shall not render the Contractor an employee, partner, agent, or joint venture with the Company for any purpose. Contractor is not an employee or agent of the Company and shall not make any representations otherwise. Contractor shall not have the authority to and shall not attempt to bind the Company in any way with any vendor, client, or third-party. Contractor shall identify him/her/itself as an independent contractor company and not an employee of the Company.

GGS 001947

8.  Self-Employment Taxes.  Contractor acknowledges that Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes.  Such taxes may include, by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes.  Contractor agrees to indemnify and hold harmless the Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by the Company to Contractor for services provided pursuant to this Agreement.

9.  Ineligibility for Benefits.  Contractor agrees that the sole benefit to which Contractor is entitled is the compensation set forth in Paragraph 2 of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of the Company during the term of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of the Company on account of any services provided under the terms of this Agreement, including, without limitation, any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

10.  ERISA Waiver.  Contractor understands that all benefit plans now or hereafter sponsored by the Company are only available to employees of the Company and not to Contractor. Contractor further understands that the benefits plans are governed by the terms of the Employee Retirement Income Security Act (ERISA).  Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans.  With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights Contractor may have, or later claim to have, with respect to such plans, including, without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement.  Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to the Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA § 510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement.  Contractor hereby acknowledges and agrees that Contractor's waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and thorough consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver.  Contractor understands that the effect of this waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to the Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of the Company.

GGS 001948

11.  Workers' Compensation.  Pursuant to Subchapter F of the Texas Workers Compensation Act, § 401.121, et seq.:

      a.    The Company, acting as a general contractor, agrees to provide workers' compensation insurance for Contractor, operating as a sub-contractor, and its employees, if any.  Pursuant to Texas Labor Code § 406.123, the Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers' compensation insurance.

      b.    Payment by Contractor for the premiums associated with the workers' compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to Paragraph 2 will be made.

      c.    Contractor and the Company agree to promptly complete any documentation required by the Texas Workers' Compensation Commission.

      d.    Contractor will notify the Company as soon as practical if Contractor hires or assigns another person to provide Contractor's Services under this Agreement to ensure proper notice of workers' compensation coverage is provided.

      e.    Contractor will notify the Company of any injury or claim of injury to Contractor or any of its employees or contractors.

12.  Acknowledgements.  In the event that, contrary to the express intent of the parties hereto, a Court or governmental agency deems Contractor to be an employee rather than an independent contractor of the Company, Contractor hereby acknowledges and agrees that Contractor has been retained to perform only those Contractor Services set forth in Paragraph 1 above.  Contractor further acknowledges and agrees that, during an assignment for the Company, Contractor is often waiting to be engaged to perform the Contractor Services, and that during such time Contractor is free to engage in personal activities.  Contractor acknowledges and agrees that Contractor is not compensated for time spent waiting to be engaged to perform Contractor Services, or for any other time during which Contractor is not performing Contractor Services, including, without limitation, time spent sleeping, eating or engaging in personal activities or pursuits.

13.  Indemnification of The Company.  Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or negligence of Contractor or Contractor's employees, agents or contractors related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor or Contractor's employees, agents or contractors, in activities not related to the business of the Company.

14.  Successors and Assigns.  All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successors and

4

GGS 001949

assigns. Contractor may not assign this Agreement without the written approval of the Company.

15. Choice of Law. The laws of the State of Texas shall govern the validity and construction of the terms of this Agreement, and the interpretation of the rights and duties of the parties hereto.

16. Waiver. Waiver by one party hereto of a breach of any provision of this Agreement by the other shall not operate or be construed as constituting a waiver.

17. Modification or Amendment. No amendment, change or modification of this Agreement shall be valid unless in writing and signed by the parties hereto.

18. Entire Agreement. This Agreement constitutes the entire understanding and agreement of the parties, and any and all prior agreements, understandings, and representations are hereby terminated, canceled in their entirety, and are of no further force and effect.

19. Unenforceability of Provisions. If any provision of this Agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

20. Notices. Any notice required or permitted to be given under this Agreement shall be sufficient if in writing and sent by certified mail or hand-delivery to:

CONTRACTOR:

_Rita L. Beck_

THE COMPANY:

Gate Guard Services, LP
Attn: Bert Steindorf
4646 Corona Drive, Suite 163
Corpus Christi, TX 78411

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the day and year first written above.

_Rita L. Beck_
Contractor

_January 20, 2011_
Date

_[signature]_
Gate Guard Services, LP

_1-20-11_
Date

5

GGS 001950

# EXHIBIT 29

## to Bert Steindorf's Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (the "Agreement") is entered into this _20_ day of _JANUARY_____, 20_11_, by and between Gate Guard Services, LP (the "Company") and _SHERMAN GEORGE BECK_ ("Contractor").

WHEREAS, Contractor maintains his/her/its own business operation to provide independent gate attendant services for hire; and

WHEREAS, the Company wishes to engage Contractor to provide certain services as an independent contractor.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1.  Independent Contractor Services. Contractor shall provide gate attendant services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities as described herein.

    a.     The services provided by Contractor include a waiting to be engaged arrangement where the attendant is responsible for opening and closing the gate to the oilfield operation and logging vehicles that enter and depart the gate onto a Traffic Log ("Contractor Services"). The Traffic Logs maintained by Contractor shall be provided to the Company at the conclusion of the oilfield operation. Contractor shall ensure that all Contractor Services are in accordance with the requirements of the clients of Company including the operator, lease holder, or landowner as applicable.

    b.     Contractor shall operate as an independent contractor. Contractor shall control the performance of the details of Contractor Services and shall be responsible for the results. As such, Contractor may hire individuals to perform the duties described herein. Contractor shall ensure that the performance of the Contractor Services contemplated by this Agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite. Contractor Services will be provided in a manner consistent with the appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner.

    c.     Contractor acknowledges that Contractor may engage in personal activities and pursuits, including sleeping, eating, reading, watching television, household chores, or any other legal personal activity Contractor may choose, when not performing the Contractor Services set forth above. Contractor also acknowledges that such personal activities may comprise the majority of Contractor's time spent waiting to be engaged to perform the Contractor Services set forth above. Finally, Contractor acknowledges and agrees, as more fully set forth below in Paragraph 2, that such personal activities are not compensable. Contractor agrees that Contractor will be paid only for time spent opening and closing the gate and logging in vehicles.

2. <u>Payments to Contractor</u>. The Company shall pay Contractor $_____ per day for each day Contractor performs Contractor Services which consist of opening and closing the gate and for logging vehicles entering and departing the gate. Contractor shall not be compensated for time spent waiting to be engaged to perform the Contractor Services. Contractor shall not be compensated for time spent pursuing personal activities, including time spent sleeping, eating or engaging in any other personal activities as set forth in Paragraph 1(c).

3. <u>Termination</u>. The Company or Contractor may terminate this Agreement at any time by providing three (3) days notice to the other party without cause. Company may terminate this Agreement without notice for cause. Cause shall be defined as a felony conviction, failure to comply with the terms of this Agreement or the instructions of oilfield operator, leaseholder or landowner. Upon termination, the Company shall have no further obligation to Contractor.

4. <u>Contractor's Performance of Services for Others</u>. Contractor and the Company hereby acknowledge and agree that Contractor may, at any time, perform services for any other entity, including services similar to Contractor Services provided to the Company.

5. <u>Tools and Equipment</u>. Contractor shall be responsible, at Contractor's sole expense, for all vehicles, tools, facilities, lodging, office equipment, fuel for Contractor's vehicle and propane for Contractor's trailer/recreational vehicle/camper, phone service and other materials as may be necessary to carry out the terms of this Agreement. Contractor shall, at Contractor's sole expense, ensure that all equipment used in connection with this Agreement is properly maintained and licensed/registered as may be necessary or required. Contractor shall purchase a vest and/or shirt which identify Contractor as a Contractor of the Company. While Contractor is performing Contractor Services for the Company, the Company shall provide a generator and fuel for the generator and septic tank for Contractor's use. The Company will retrieve the generator and septic tank at the conclusion of the oilfield operation.

6. <u>Assignment of Contractor Services to Others</u>. Contractor may employ or assign others to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 above. Contractor shall not hold him/her/itself out as an agent of the Company and Contractor does not have the authority to hire persons on the Company's behalf. Contractor shall be solely responsible for any person employed or assigned by Contractor to assist Contractor in carrying out the Contractor Services set forth in Paragraph 1 of this Agreement, including but not limited to payment for services, payment of wages, insurance, employment benefits, taxes, or any other types of payments due or made to such other person. Contractor agrees to indemnify and hold the Company harmless from any claim by any person hired by Contractor and who thereafter claims to be an employee of the Company.

7. <u>Independent Contractor Status (No employment)</u>. This Agreement shall not render the Contractor an employee, partner, agent, or joint venture with the Company for any purpose. Contractor is not an employee or agent of the Company and shall not make any representations otherwise. Contractor shall not have the authority to and shall not attempt to bind the Company in any way with any vendor, client, or third-party. Contractor shall identify him/her/itself as an independent contractor company and not an employee of the Company.

2

8.    Self-Employment Taxes.  Contractor acknowledges that Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes.  Such taxes may include, by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes.  Contractor agrees to indemnify and hold harmless the Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by the Company to Contractor for services provided pursuant to this Agreement.

9.    Ineligibility for Benefits.  Contractor agrees that the sole benefit to which Contractor is entitled is the compensation set forth in Paragraph 2 of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of the Company during the term of this Agreement.  Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of the Company on account of any services provided under the terms of this Agreement, including, without limitation, any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

10.    ERISA Waiver.  Contractor understands that all benefit plans now or hereafter sponsored by the Company are only available to employees of the Company and not to Contractor.  Contractor further understands that the benefits plans are governed by the terms of the Employee Retirement Income Security Act (ERISA).  Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans.  With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights Contractor may have, or later claim to have, with respect to such plans, including, without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement.  Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to the Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA § 510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement. Contractor hereby acknowledges and agrees that Contractor's waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and thorough consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver.  Contractor understands that the effect of this waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to the Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of the Company.

3

GGS 001943

11.   Workers' Compensation.  Pursuant to Subchapter F of the Texas Workers Compensation Act, § 401.121, et seq.:

    a.    The Company, acting as a general contractor, agrees to provide workers' compensation insurance for Contractor, operating as a sub-contractor, and its employees, if any.  Pursuant to Texas Labor Code § 406.123, the Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers' compensation insurance.

    b.    Payment by Contractor for the premiums associated with the workers' compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to Paragraph 2 will be made.

    c.    Contractor and the Company agree to promptly complete any documentation required by the Texas Workers' Compensation Commission.

    d.    Contractor will notify the Company as soon as practical if Contractor hires or assigns another person to provide Contractor's Services under this Agreement to ensure proper notice of workers' compensation coverage is provided.

    e.    Contractor will notify the Company of any injury or claim of injury to Contractor or any of its employees or contractors.

12.   Acknowledgements.  In the event that, contrary to the express intent of the parties hereto, a Court or governmental agency deems Contractor to be an employee rather than an independent contractor of the Company, Contractor hereby acknowledges and agrees that Contractor has been retained to perform only those Contractor Services set forth in Paragraph 1 above.  Contractor further acknowledges and agrees that, during an assignment for the Company, Contractor is often waiting to be engaged to perform the Contractor Services, and that during such time Contractor is free to engage in personal activities.  Contractor acknowledges and agrees that Contractor is not compensated for time spent waiting to be engaged to perform Contractor Services, or for any other time during which Contractor is not performing Contractor Services, including, without limitation, time spent sleeping, eating or engaging in personal activities or pursuits.

13.   Indemnification of The Company.  Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or negligence of Contractor or Contractor's employees, agents or contractors related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor or Contractor's employees, agents or contractors, in activities not related to the business of the Company.

14.   Successors and Assigns.  All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successors and

GGS 001944

assigns. Contractor may not assign this Agreement without the written approval of the Company.

15. <u>Choice of Law</u>. The laws of the State of Texas shall govern the validity and construction of the terms of this Agreement, and the interpretation of the rights and duties of the parties hereto.

16. <u>Waiver</u>. Waiver by one party hereto of a breach of any provision of this Agreement by the other shall not operate or be construed as constituting a waiver.

17. <u>Modification or Amendment</u>. No amendment, change or modification of this Agreement shall be valid unless in writing and signed by the parties hereto.

18. <u>Entire Agreement</u>. This Agreement constitutes the entire understanding and agreement of the parties, and any and all prior agreements, understandings, and representations are hereby terminated, canceled in their entirety, and are of no further force and effect.

19. <u>Unenforceability of Provisions</u>. If any provision of this Agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

20. <u>Notices</u>. Any notice required or permitted to be given under this Agreement shall be sufficient if in writing and sent by certified mail or hand-delivery to:

CONTRACTOR:

*SHERMAN GEORGE BECK*

THE COMPANY:

Gate Guard Services, LP
Attn: Bert Steindorf
4646 Corona Drive, Suite 163
Corpus Christi, TX 78411

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the day and year first written above.

_____
Contractor

_____
Gate Guard Services, LP

1-20-11
_____
Date

(-20-))
_____
Date

5

GGS 001945

# EXHIBIT 30

# to Bert Steindorf's
# Declaration

# INDEPENDENT CONTRACTOR AGREEMENT

This Agreement is entered into as of this __ __ day of _$\partial \mathcal{E}\mathcal{L}$____ 2008, between Gate Guard Services, LP, hereinafter called "the Company" and _____ hereinafter called "Contractor".

WHEREAS, Contractor represents and warrants that he/she/it maintains his/her/its own business operation to provide independent guard services for hire and holds him/her/itself out as an independent contractor for hire;

WHEREAS, Contractor has substantially invested in his/her/its business by obtaining necessary equipment and supplies to carry our Contractor's business enterprises; and

WHEREAS, the Company wishes to engage Contractor to provide services as an independent contractor guard service.

NOW THEREFORE, in consideration of the mutual promises and covenants set forth herein, the adequacy and sufficiency of which are acknowledged, Contractor and the Company agree as follows:

1. <u>Services to be provided</u>. Contractor shall provide professional guard services for the Company in support of various oilfield operations, including drilling exploration, reworking, testing and other related activities. Contractor shall ensure services are in accordance with Company's general specifications and the requirements held by the operator, lease holder, or landowner as applicable.

In the performance of the services, Contractor shall operate as an independent contractor. Contractor shall control the performance of the details of Contractor's services and shall be responsible for the results. Contractor shall ensure that the performance of the services contemplated by this agreement are conducted in accordance with all applicable rules, regulations, ordinances and other applicable orders of any agency having jurisdiction over the worksite. Services will be provided in a manner consistent with appropriate safety, health, and environmental considerations, including but not limited to any restrictions imposed by the operator, lease holder or landowner as may apply.

Contractor shall keep such logs and make such reports as may be required from time-to-time, and provide such other duties as outlined in Exhibit A hereto.

2. <u>Tools, Equipment and Supplies</u>. Contractor shall be responsible, at Contractor's expense, for all vehicles, tools, facilities, lodging, office equipment, fuel, phone service and other materials as may be necessary to carry out the terms of this agreement at the location required. Provided, however, that Company may require certain equipment of Contractor be compatible with Company's. Contractor shall, at Contractor's expense, ensure all equipment used in connection with this agreement is properly maintained and licensed/registered as may be necessary or required.

{C0353849.DOC:1}

CONFIDENTIAL GGS 007007

3. <u>Handgun</u>. Unless specifically authorized in Exhibit A, Contractor shall not carry a handgun or other firearm while providing services pursuant to his agreement or have any such weapon on site.

4. <u>Employment of Others</u>. Contractor may employ others to assist Contractor in carrying out the services required herein provided, however, that before assigning any such person to any duties under this agreement, Contractor receives and/or provides to the Company written confirmation that the person is appropriately licensed to provide security services or properly registered with the Company.

In no event shall Contractor hold itself out as an agent of Company and Contractor does not have authority to hire persons for the Company's behalf. Contractor shall be solely responsible for any person hired by Contractor, including but not limited to payment of wages, insurance, employment benefits, if any, taxes, etc. Contractor agrees to indemnify and hold Company harmless from any claim from any person hired by Contractor and who thereafter claims to be an employee of Company.

5. <u>Self-Employment Taxes</u>. Contractor acknowledges Contractor is solely responsible for and accepts full responsibility for the payment of all federal and state income taxes and other employment taxes that may be imposed upon any amounts payable hereunder, including, but not limited to, determination of the amount and timing of any such taxes. Such taxes may include by way of example only, income tax, social security and Medicaid taxes, franchise taxes and any state or local taxes.

Contractor agrees to indemnify and hold harmless Company, its officers, directors, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, that Contractor fails to pay or which may be determined to be owed by Company to Contractor for services provided pursuant to this Agreement.

6. <u>Ineligibility for Benefits</u>. Contractor agrees that the sole benefit to which Contractor is entitled is the cash compensation described in Exhibit A of the Agreement. Contractor agrees that Contractor is not and shall not be eligible for any employee benefits of Company during the term of this Agreement. Contractor agrees that Contractor is not and shall not be eligible for or participate in any employee benefit plan or program of Company on account of any services provided under the terms of this Agreement, including without limitation any pension, bonus, profit sharing, retirement, health, life, medical, sick leave, vacation, or any other similar employee benefit.

7. <u>ERISA Waiver</u>. Contractor acknowledges and understands that he intends and desires to work pursuant to this Agreement solely as an independent contractor and not as an employee of Company. Contractor understands that all benefit plans now or hereafter sponsored by Company are only available to employees of Company and not to other such contractors or independent contractors. Contractor further understands that the benefits plans are governed by the terms of Employee Retirement Income Security Act (ERISA).

{C0353849.DOC:1}

Contractor recognizes that given the uncertainty of the law, there may be some instance, however remote, for Contractor to be considered an employee as defined within any such plans. With full knowledge of this possibility, Contractor hereby waives and relinquishes any and all rights or Contractor may have, or later claim to have, with respect to such plans, including without limitation, any claim for present or future benefits, status as a participant, benefit accruals, payments, options, or notice requirements, which arise, in whole or in part due to any of the services or other performance provided pursuant to this Agreement. Contractor further waives and relinquishes any and all right to credited service and benefit accruals which might, in the absence of this waiver, arise under such plans with respect to any services rendered to Company pursuant to this Agreement and hereby waives and relinquishes any and all rights arising under ERISA, including but not limited to, rights under or protected by ERISA §510, or under any other applicable law, with respect to the specific rights waived above and to any other rights affected by this Agreement.

Contractor hereby acknowledges and agrees that Contractors waiver as provided herein with respect to any such plan has been freely, knowingly and voluntarily given after careful and through consideration of this waiver of ERISA rights, and after ample opportunity to obtain such additional information about such plans as Contractor deems necessary or desirable in order to make an informed decision on this waiver. Contractor understands that the effect of this Waiver is to prevent present or future benefit accruals or entitlement to any benefits provided for in any such plans with respect to services provided to Company pursuant to this Agreement, without regard to whether such service should later be characterized for any purposes as employment as an employee of Company.

Contractor agrees to indemnity and hold harmless Company, its officers, directors, trustees, agents, employees, representatives, attorneys, affiliates, predecessors, successors, and assigns from and against any and all claims, demands, obligations, and liabilities that may result from a determination that the Contractor is an employee rather than independent contractor.

8. Payment. Payment for all services provided shall be as agreed to between Contractor and the Company for the designated job, as expressed in Exhibit A or any subsequent service order signed by Contractor and Company. The established fee shall be the total amount due for services rendered by Contractor, or any of Contractor's agents or employees.

9. Workers Compensation. Pursuant to Subchapter F of the Texas Workers Compensation Act, (§ 406.121, et. seq.) Company and Contractor hereby agree to provide for specific coverage for work related injuries of Contractor or Contractor's employees, if any.

    a. Company, acting as a general Contractor, agrees to provide workers compensation insurance for Contractor, operating as a sub-Contractor, and its employees, if any. Pursuant to Tex. Labor Code § 406.123, Company shall be considered the employer of Contractor and its employees, if any, solely for the purpose of providing workers compensation insurance.

    b. Payment by Contractor for the premiums associated with the workers compensation insurance is included in the cost of this Agreement so that no additional deduction from the amount to be paid to Contractor pursuant to article 3.01.a. will be made.

{C0353849.DOC:1}

CONFIDENTIAL GGS 007009

c. Contractor and Company agree to promptly complete whatever documentation is required by the Texas Workers Compensation Commission.

d. Contractor will notify Company as soon as practical if Contractor hires or assigns employees to provide services under this Agreement to ensure proper notice of workers compensation coverage is provided.

e. Contractor will notify Company of any injury or claim of injury to Contractor or any of its employees.

10. Indemnification of the Company. Contractor shall hold the Company free and harmless and shall indemnify the Company from any obligations, costs, claims, judgments, attorneys' fees and attachments arising from any willful misconduct or culpable negligence of Contractor or Contractor's employees or agents related to the performance of services pursuant to the terms of this Agreement or for any acts or omissions in the performance of services by Contractor, his employees or agents, in activities not related to the business of the Company.

11. Termination. The Company or the Contractor may terminate this Agreement at any time by giving three (3) working days' notice to the other party. In addition, if the Contractor is convicted of any crime or offense, fails or refuses to comply with the policies or reasonable directive of the Company, is guilty of serious misconduct in connection with performance hereunder, or materially breaches provisions of this Agreement the Company at any time any terminate such engagement of the contractor immediately and without prior notice to the Contractor. Upon termination, Company shall have no further obligation to Contractor.

12. Independent Contractor. This Agreement shall not render the Contractor an employee, partner, agent of, or joint venture with the Company for any purpose. Contractor is not an employee or agent of Company and shall not make any representations otherwise. Contractor shall not have authority to and shall not attempt to bind Company in any way with any vendor, client, or their third-party. Contractor shall identify him/her/itself as an independent security service and not an employee of Company.

13. Successor and Assigns. All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, if any, successor, and assigns. Contractor may not assign this Agreement without approval of Company.

14. Choice of Law. The laws of the State of Texas shall govern the validity of this Agreement, the construction of its terms and the interpretation of the rights and duties or the parties hereto.

15. Waiver. Waiver by one party hereto of breach of any provision of the Agreement by the other shall not operate or be construed as a continuing waiver.

16. Modification or Amendment. No amendment, change or modification of this Agreement shall be valid unless in writing signed by the parties hereto.

{C0353849.DOC:1}

CONFIDENTIAL GGS 007010

17. Entire Understanding.   This document and any exhibit attached constitute the entire understanding and agreement of the parties, and any an all prior agreement, understandings, and representations are hereby terminated and canceled in their entirety and are of no further force and effect.

18. Unenforceability of Provisions.   If any provision of this agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

IN WITNESS WHEREOF the undersigned have executed this Agreement as of the day and year first written above.

_W. E. Birney_____
Contractor

_____
Gate Guard Services, LP

_/_____
Date

_____
Date

{C0353849.DOC:1}

CONFIDENTIAL GGS 007011